## STATE v. EDWARD DOZIER.

Breaking and entering a store-house, with an intent to steal the goods, &c., therein, is not a criminal offence at common law; and there is no statute in this State making such act a crime.

INDICTMENT for breaking, &c., a store house, with intent to steal therefrom, tried in CRAVEN county at the Fall Term, 1874, of the Superior Court, before his Honor, Judge *Seymour.*

The defendant was convicted on the following indictment, to-wit :

" The jurors," &c., " present, that Edward Dozier, late of Craven county, on the 20th day of September, A. D. 1874, with force and arms, at and in said county, about the hour of 10 o'clock in the night time of the same day, the store house of Washington Spivy, there situate, unlawfully and wickedly did break, with an intent to steal, the same store house to enter and the goods and chattels of the said Washington Spivy, in the said store house then and there being, then and there feloniously to steal, take and carry away, contrary to law, and against the peace and dignity of the State."

Being convicted, the defendant moved in arrest of judgment, upon the ground that the indictment was insufficient in law :

(1.) Because no such offence as " an intent to steal" is known to the common, or our statute law.

(2.) That the breaking in the store house was a distinct act from his conduct after he had entered ; and hence no inference could be drawn from that act as to his intentions after he had entered.

(3.) That there is a difference between an intent to do a thing and an attempt: *Hence*, if the defendant had attempted to steal after he had broken in, and had been prevented from so doing by the owner of the store house, he would have been guilty at common law. But as he made no such attempt to steal, it was submitted, that the indictment charged no offence known to our law.

His Honor refusing the motion the defendant appealed.

*Stevenson*, for the defendant.
*Hargrove*, Attorney General, for the State.

Bynum, J. The defendant is indicted for breaking and entering the store house of Washington Spivy, with the intent to steal the goods and chattels of the said Spivy therein ; and the indictment concludes at common law.

This was not a criminal offence, at common law, and there is no statute of this State making it a crime. By 24 and 25 Vict., chap. 96, sec. 58, it is made a misdemeanor in England in any one who shall be found by night, armed with any dangerous or offensive weapon, with intent to break or enter a dwelling or other building whatsoever, and to commit a felony therein, or who shall be found by night, having in his possession, without lawful excuse, any pick-lock, key, bit or other implement of house breaking ; or who shall be found by night, in any such building, *with intent to commit any felony therein.* Roscoe Crim. Ev., 321.

Whether an obvious defect in the law, should not be supplied by some similar statute in this State, is a matter for the consideration of the Legislature.

There is error.

Per Curiam.                    Judgment reversed.