## STATE v. RAYMOND HARRIS.

### (Filed 26 February, 1936.)

**1. Criminal Law L e—**

Where the culpable negligence of defendant is abundantly established by the evidence, error in a question asked one of the witnesses on this aspect of the case will not be held for reversible error.

**2. Criminal Law I g—**

A slight misstatement of the evidence in stating the State's contentions should be brought to the trial court's attention in apt time if deemed material.

**3. Criminal Law L e—**

A slight misstatement of the evidence in stating the State's contentions on a certain aspect of the case *is held* not to constitute reversible error, defendant not having been prejudiced thereby in view of the fact that there was plenary evidence on this aspect of the case correctly stated in the charge.

APPEAL by defendant from *Cranmer, J.,* at September Term, 1935, of EDGECOMBE.

Criminal prosecution, tried upon indictment charging the defendant with the unlawful and felonious slaying of C. C. Harris, Lena Harris, and Paul Alford, Jr.

The record discloses that the three persons named in the indictment were killed on Saturday night, 20 July, 1935, about a mile from Crisp, N. C., on Highway No. 12, as a result of a collision between a Chevrolet automobile driven by C. C. Harris, one of the persons killed, and a Ford pick-up truck driven by the defendant. The two vehicles were running in opposite directions. "The Chevrolet was hit on the right-hand front wheel." The scene of the accident was on a long curve, and it is in evidence that the defendant was driving on his left-hand side of the road. The officer, who arrived shortly after the wreck and arrested the defendant, said that he considered Raymond Harris drunk. "I say this from his actions, and you could smell it. He acted like a drunken man and was cursing and rearing and staggering."

The officer was asked the following question:

"Q. Could you tell whether it was a sidewise or head-on collision? Ans.: The truck hit the Chevrolet." Objection; overruled; exception.

The evidence for the defendant tended to show that he was driving in a prudent manner, on his right-hand side of the road, and that he was not under the influence of liquor. He contended the collision was the result of an accident, brought about by the carelessness of the driver of the Chevrolet car.

Paul Alford, a witness for the State, testified that the Chevrolet car pulled off the hard-surface to the right and hit a sign-post eight feet from the outer edge of the highway. He identified the sign-post and the car door with yellow paint on it, which were offered in evidence. On cross-examination, it appeared that his identification of the sign-post and car door was derived from hearsay, hence the exhibits were withdrawn on motion of defendant. However, there was other evidence of the sign-post and the condition of the Chevrolet car.

In charging the jury, the court stated the contention of the State that the driver of the Chevrolet pulled off the hard surface so far that it struck a road sign, "which has been introduced in evidence, . . . and as indication that it had been struck, yellow paint was found on the car door the next morning." Exception.

Verdict: Guilty of involuntary manslaughter.

Judgment: Imprisonment in the State's Prison for not less than 15 nor more than 20 years.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*George M. Fountain & Son for defendant.*

STACY, C. J. It is conceded in the State's brief that the solicitor was perhaps infelicitous in the question he propounded to the officer as to how the collision occurred, whether sidewise or head-on, but as the culpable negligence of the defendant is abundantly established by the record, the error, if such it be, is not regarded as hurtful or reversible. *S. v. Jessup,* 183 N. C., 771, 111 S. E., 523; *S. v. Gray,* 180 N. C., 697, 104 S. E., 647.

Indeed, it would seem that the officer's testimony, if not a "short-hand statement of a collective fact," and admissible as such, *S. v. Skeen,* 182 N. C., 844, 109 S. E., 71, should be regarded as the statement of an ultimate fact, rather than the expression of an opinion. *S. v. Sterling,* 200 N. C., 18, 156 S. E., 96.

Nor can the court's misstatement that the sign-post "has been introduced in evidence," made in giving the State's contentions, be held for reversible error on the present record. The inaccuracy, if deemed material, should have been called to the court's attention at the time. *S. v. Lea,* 203 N. C., 13, 164 S. E., 737. In any event, the matter is too attenuate to work a new trial. There was ample evidence as to the sign-post without the exhibit being in evidence. The case of *S. v. Love,* 187 N. C., 32, 121 S. E., 20, is easily distinguishable.

The remaining exceptions call for no elaboration.

No error.