STATE v. BILLY STONE.

(Filed 15 December, 1954.)

**1. Criminal Law § 53b—**

The court's instruction to the jury in this case on defendant's evidence of an alibi *is held* correct and not subject to attack on the ground that it placed the burden on defendant to produce evidence to raise a reasonable doubt *as to his guilt.*

**2. Same—**

Construing the instruction as to the permissible verdicts contextually with the rest of the charge *it is held* that the jury could not have been misled as to the burden of proof.

**3. Criminal Law § 78e (2)—**

Where a misstatement of a contention is not brought to the trial court's attention in apt time, the matter is not subject to attack or review on appeal.

APPEAL by defendant from *McKeithen, S. J.,* at March "A" Criminal Term, 1954, of ROBESON.

Criminal prosecution upon a bill of indictment charging that on 28 November, 1953, at and in Robeson County, defendant "did unlawfully, willfully and feloniously make an assault upon and on Evelyn Musselwhite, with the felonious intent the said Evelyn Musselwhite to rape, ravish and carnally know, violently and against her will against the form of the statute in such case made and provided and against the peace and dignity of the State."

Defendant pleaded not guilty to the charge contained in the bill of indictment.

Upon trial in Superior Court the State offered evidence tending to support the charge set out in the bill of indictment,—the details of which need not be recited, for by so doing no useful purpose would be served.

On the other hand, while defendant did not testify upon the trial, he offered the testimony of several witnesses tending to show that he was elsewhere at the time the alleged crime was committed as charged in the bill of indictment, that is, tending to show an alibi.

The case was submitted to the jury in the light of the evidence so offered by the State and by the defendant.

Verdict: "Guilty as charged in the bill of indictment."

Judgment: Confinement in the Central Prison at Raleigh and assigned to work as provided by law for a term of not less than four (4) nor more than seven (7) years.

Defendant appeals therefrom, and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*F. D. Hackett and Robert Weinstein for defendant, appellant.*

WINBORNE, J.　The record and case on appeal reveal that defendant (1) did not make motion for judgment as of nonsuit, either when the State first rested its case, or at the close of all the evidence, and (2) did not except to any matter of evidence adduced at the trial in Superior Court.　Three assignments of error, based upon four exceptions to portions of the charge of the court to the jury, are treated in brief of defendant, and are presented here for consideration by the court.

I.　Exceptions 2 and 3: The portions of the charge to which these exceptions, 2 and 3, relate are attacked by defendant for that, as he contends, they cast upon him the burden of producing evidence sufficient to raise a reasonable doubt as to his guilt.　It appears by comparison that these portions of the charge are in substantial accord with the text on the subject of "Alibi" appearing in 15 Am. Jur. 14, Sec. 314 of Criminal Law, in 8 R.C.L. 224, Sec. 220 of Criminal Law, and in Wharton's Criminal Evidence 1-2 Tenth Edition 674-675, Sec. 333 of Chap. VIII, Evidence in Criminal Cases—Burden of Proof.　Indeed, the charge as so given, read textually, seems to be in harmony with recent decisions of this Court.　See *S. v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867; *S. v. Minton,* 234 N.C. 716, 68 S.E. 2d 844.　What is said on the subject in these cases, if followed, would be an apt guide to a correct charge.

II.　Exception 5: This exception is directed to the portion of the charge in which the court instructed the jury as to what verdicts the jury might find.　Taken in context with that which precedes, and that which follows the instruction to which the exception relates, it does not seem that the jury could have misunderstood the rule as to burden of proof.　Hence the Court holds that, in the instruction so given, prejudicial error is not made to appear.

The instruction, in the light of the evidence offered by the State, is favorable to defendant.　See *S. v. Jackson,* 199 N.C. 321, 154 S.E. 402; *S. v. Hairston,* 222 N.C. 455, 23 S.E. 2d 885.

III.　Exception 6.　It is stated in brief of defendant filed on this appeal: "The charge of the court in giving as one of the State's contentions that 'the State contends that you should believe what W. G. Britt

says about it and that you should believe that for one reason at least when he was brought here by the defendant and was defendant's witness, only the State elected to put him on the stand,' is highly prejudicial to the defendant in that there was no evidence upon which to base such a contention, and its harmful effect is obvious."

In this connection the case on appeal fails to show that the attention of the court was called to the misstatement, if it were such. On the other hand, the case on appeal does show that, after stating the contentions of the State and of the defendant, the trial court "asked counsel for statement of any further contentions, and none were requested." The State, therefore, takes the position, and rightly so, that the misstatement, if any, is not now subject to attack or review on appeal, citing *S. v. Lambe,* 232 N.C. 570, 61 S.E. 2d 608.

In the *Lambe case* this Court, in opinion by *Ervin, J.,* declared: "Under the appellate practice which obtains in this jurisdiction, it is not incumbent upon a litigant to except at the trial to errors in the instructions of the judge as to applicable law, or in the instructions of the judge as to the contentions of the parties with respect to such law. It is sufficient if he sets out his exceptions to errors in such instructions for the first time in his case on appeal. . . . The rule is otherwise, however, where the judge misstates the evidence, or the contentions of the parties arising on the evidence. When that occurs, the litigant must call the attention of the judge to the misstatement at the time it is made, and thus afford the judge an opportunity to correct it before the case is given to the jury. Furthermore, he must note an immediate exception to the ruling of the judge in case his request for the correction of the misstatement is refused. If this course is not pursued, the misstatement of the evidence or of the contentions based thereon is not subject to attack or review on appeal," citing cases. See also *S. v. Lea,* 203 N.C. 13, 164 S.E. 737, and *S. v. Harris,* 209 N.C. 579, 183 S.E. 740.

After careful review on assignments of error presented, the case is held to be free from prejudicial error, and the judgment on verdict rendered must stand.

No error.