STATE OF NORTH CAROLINA v. VANCE LENDER EVANS.

(Filed 10 July 1968.)

1. Criminal Law § 159—

Where defendant submits the complete transcript of the evidence pursuant to Rule 19(d)(2) of the Court of Appeals but fails to attach an appendix to his brief setting forth in succinct language, with respect to those witnesses whose testimony he deems to be pertinent to the questions raised on appeal, what he says testimony of such witnesses would tend to establish, the Court will ordinarily dismiss such an appeal *ex mero motu.*

**2. Burglary and Unlawful Breakings § 5;　Larceny § .7—**

　　Evidence that a quantity of merchandise consisting of cigarettes, beer, chewing gum, pickles and pigs feet had been stolen by breaking and entering the prosecuting witness' tavern, that on the same day a nearby restaurant purchased from defendant a quantity of items similar in kind to those taken from the tavern, but without evidence identifying them as the identical merchandise from the prosecuting witness' place of business, *is held* insufficient to be submitted to the jury on the question of defendant's guilt of breaking and entering and of larceny.

APPEAL by defendant from *Hobgood, J.,* February "R" 1, 1968 Session of WAKE Superior Court.

　The defendant was tried on a bill of indictment charging that on 3 December 1967 the defendant feloniously broke and entered Gales Tavern, owned and occupied by Maryland Gales, located at 406 East Davie Street, Raleigh, and in a second count, that after having feloniously broken and entered said tavern, he did steal merchandise consisting of assorted brands of cigarettes, assorted cases of beer, one gallon of pigs feet, one gallon jar of pickles, and some chewing gum. All of the property had a value of $113. There was a third count charging the defendant with the crime of receiving stolen merchandise, knowing it to have been stolen. The State submitted to a nonsuit as to the third count, and the jury found the defendant guilty of the first two counts.

　The evidence was to the effect that Gales closed and locked his tavern about midnight, Saturday, 2 December 1967, and the next morning about 10:00 a.m. he went by and found everything in order at that time. On Monday morning, about 8:00 a.m., 4 December 1967, when Gales went to his place of business to open up, he found that it had been broken into and about one-half of his merchandise, consisting of cigarettes, beer, pigs feet, pickles, hot sausage, and chewing gum, was missing. A flashlight and a hammer were also missing.

　T. J. Demps operated a place of business known as High Light Restaurant in the same block in which Gales Tavern was located. He testified that on Sunday night, 3 December 1967, about 10:00 p.m. the defendant came to his place of business and inquired if he would be interested in buying some pigs feet, cigarettes, and beer. He refused to do so telling the defendant he was afraid the merchandise might be "hot". About an hour and one-half later, the defendant again came to Demps's place of business, and Demps paid him $40 for some cigarettes of various brands, a quantity of beer, pickles and Spearmint gum, as well as a quantity of pigs feet in a 2-½ gallon container.

Gales was unable to identify any of the merchandise when it was shown to him on the following Friday by the police officers.

The defendant testified and offered testimony to the effect that on Sunday, 3 December 1967, he was in the place of business operated by Demps; that he had something to eat there and listened to some music and while there a person he knew by the name of Wiggins came in and engaged him in conversation. Wiggins told him that a friend had some stuff in an automobile outside which he wanted to sell and that he, the defendant, merely acted as an agent in making the sale to Demps. For his part in the transaction, he received $10 of the $40 paid for the merchandise. He denied knowing anything about the source of the merchandise or that it was stolen.

The defendant assigns as error the failure of the court to dismiss the charges and enter a judgment of nonsuit at the close of all the evidence.

*T. W. Bruton, Attorney General, and Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*Vaughan S. Winborne and Gilbert B. Swindell, Attorneys for defendant appellant.*

CAMPBELL, J. The defendant in this case submitted the complete transcript of the evidence under Rule 19(d)(2), but contrary to the provisions of that rule, the defendant did not attach an appendix to his brief setting forth in succinct language, with respect to those witnesses whose testimony he deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witnesses would tend to establish. The defendant thereby imposed upon this Court the necessity of a voyage of discovery through the record. Ordinarily, this Court would dismiss such an appeal *ex mero motu* for failure to comply with the rules. Despite the failure to comply with the rules of this Court, we have reviewed the testimony and are of the opinion that the failure of the State's evidence to identify the merchandise sold to Demps as being the same merchandise taken from Gales Tavern places this case within the doctrine of *State v. Parker,* 268 N.C. 258, 150 S.E. 2d 428, and *State v. Foster,* 268 N.C. 480, 151 S.E. 2d 62. The motion for judgment as of nonsuit should have been allowed.

Reversed.

BRITT and MORRIS, JJ., concur.