STATE OF NORTH CAROLINA v. WILLIE GASTON

No. 697SC127

(Filed 28 May 1969)

1. **Burglary and Unlawful Breakings § 7; Rape § 18; Criminal Law § 115— instructions as to possible verdicts**

In a prosecution upon two indictments charging defendant with (1) first-degree burglary and (2) assault upon a female with intent to commit rape, wherein the solicitor announced that the State would seek no greater verdict than felonious breaking and entering on the burglary indictment, the evidence justified submission of the case to the jury on the issues of defendant's guilt of felonious breaking and entering and of assault with intent to commit rape; and there is no merit in defendant's contention that his motion to nonsuit should have been granted on the ground that all the evidence adverse to him tended solely to show his guilt of first-degree burglary and rape.

2. **Burglary and Unlawful Breakings § 2— felonious breaking and entering — lesser degree of burglary**

A felonious breaking and entering in violation of G.S. 14-54 is a less degree of the felony of burglary in the first degree.

3. **Criminal Law § 117— instructions — interested witness rule**

Where it appears that one of defendant's witnesses was the boyfriend of defendant's sister and that the friendship between defendant and the witness was such that defendant had invited the witness to spend a night with him, the trial court properly instructed the jury to scrutinize the testimony of the witness.

4. **Burglary and Unlawful Breakings § 7— felonious breaking and entering — form of verdict**

In a prosecution for felonious breaking and entering, a verdict that defendant is guilty of felonious "B. & E" is disapproved.

APPEAL by defendant from *Crissman, J.,* at the August 1968 Session of NASH Superior Court.

The defendant was charged in two bills of indictment with (1) first-degree burglary and (2) assault on a female with intent to commit rape, he being a male person over 18 years of age.

Principal evidence for the State was given by the prosecutrix, Tempie Williams, whose testimony is summarized as follows: On Saturday night, 23 March 1968, prosecutrix, who was 63 years old, was living in part of a house in or near the City of Rocky Mount. The other part of the house was vacant and a door led from the vacant portion to the portion occupied by prosecutrix and her six-year-old granddaughter. Around 12:00 that night, prosecutrix and her grandchild had retired for the night, had locked the doors and closed the windows. Defendant entered the unoccupied portion of the house and went to the door leading to the prosecutrix's apartment. She had a "barn lock" on her side of the door and had a fork on the door to keep it from coming open. On direct examination she testified that defendant kept "yanking it and yanking it until he popped it open." When defendant first tried to open the door, prosecutrix asked, "Who is that?" and defendant replied, "It's James Mercer." Prosecutrix turned on a light in her bedroom and defendant finally gained entry. After defendant entered the room, he told prosecutrix to get over on a long chair. She refused and told him that "he was a stranger to her" and she was not going to have anything to do with him. Defendant threatened her with a knife, pushed her over a long, folding chair and had sexual intercourse with her. "He laid there with the knife right around my neck and told me to lay still and I laid still." Defendant was drinking but was not drunk and threatened to kill prosecutrix if she made an outcry. After defendant finished, he laid down on the bed and remained there until Sunday morning when he left. Prosecutrix did not go back to sleep that night and did not leave the house for fear that defendant would harm her granddaughter. During the time that defendant was there, prosecutrix determined that his real name was Willie Gaston; she was personally acquainted with defendant's mother and brother and observed the family resemblance. Defendant is considerably younger than the prosecutrix. After defendant left on Sunday morning, prosecutrix prepared breakfast for herself and her granddaughter, then went to her brother's house where she remained until Monday morning when she went to the police station.

Defendant introduced evidence tending to show that he was elsewhere during the Saturday night in question. He did not testify, but his evidence disclosed that he had been released from prison on the day before the occurrence.

The trial court submitted the case to the jury on felonious breaking and entering (G.S. 14-54) and assault with intent to commit rape. The jury found the defendant guilty of the charges as submitted by the court and from judgment imposing active prison sentences, defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*R. Conrad Boddie and Fields, Cooper & Henderson by Leon Henderson, Jr., for defendant appellant.*

BRITT, J.

Defendant first assigns as error the failure of the trial court to grant his motion for nonsuit.

[1]　When the cases were called for trial, the solicitor announced that the State would seek no greater verdict than felonious breaking and entering on the burglary indictment and would seek a verdict of assault with intent to commit rape on the other indictment. Defendant contends that all the evidence adverse to him tended to show that he was guilty of first-degree burglary and rape; that under *State v. Locklear,* 226 N.C. 410, 38 S.E. 2d 162, his motion to nonsuit interposed at the close of the evidence should have been granted.

In *State v. Locklear, supra,* in an opinion by Denny, J. (later C.J.), it is said:

"The defendant was charged with burglary in the first degree in the bill of indictment. And when the solicitor stated that he would not ask for a verdict of first degree burglary, but would only ask for a verdict of second degree burglary on the indictment, it was tantamount to taking a *nolle prosequi* with leave on the capital charge. *S. v. Spain,* 201 N.C., 571, 160 S.E., 825; *S. v. Hunt,* 128 N.C., 584, 38 S.E., 473.

In the case of *S. v. Jordan, ante,* 155, 37 S.E. (2d), 111, *Stacy, C.J.,* in speaking for the Court, said: 'It is permissible under our practice to convict a defendant of a less degree of the crime charged, G.S. 15-170, or for which he is being tried, when there is evidence to support the milder verdict, *S. v. Smith,* 201 N.C., 494, 160 S.E., 577, with G.S., 15-171, available in burglary cases, *S. v. McLean,* 224 N.C., 704, 32 S.E. (2d), 227.' But on this record there is no evidence to support a milder verdict. Moreover, when a *nolle prosequi* was taken as to the capital charge,

there remained no charge in the bill of indictment to support a verdict of burglary in the second degree.

The motion to set aside the verdict should have been sustained."

In our opinion, there are facts on the burglary charge in the instant case which would distinguish it from the facts in *State v. Locklear, supra;* therefore, the principles of law above quoted would not apply here. It is noted that the instant case was not submitted on second-degree burglary but was submitted on violation of G.S. 14-54. Although the testimony of Tempie Williams, the prosecutrix, on direct examination tended to show first-degree burglary, her testimony on cross-examination could be interpreted otherwise. The following is quoted from her cross-examination: "I did let him in the door. He told me to open the g.d. door. After he got it half open and he could not open the other part he asked me to pull the door open or he was going to cut my throat. * * * I did let him through the door. * * * I did let him in the house. * * * I didn't open it because I wanted to; he made me open it."

As to the assault with intent to commit rape charge, we think there was evidence to support a verdict milder than the capital offense of rape. The prosecutrix testified that after defendant had intercourse with her, he spent the remainder of the night in her room — slept on her bed — and that she sought no help from anyone until the next day and did not consult the police until Monday morning following the occurrence on Saturday night. There were other statements in her testimony that were inconsistent with the capital offense.

In *State v. Mumford*, 227 N.C. 132, 41 S.E. 2d 201, defendant was prosecuted under two bills of indictment consolidated for the purpose of trial, charging (1) an assault with intent to commit rape and (2) a felonious nonburglarious breaking and entering of the residence of one J. N. Street in violation of G.S. 14-54. In an opinion by Barnhill, J. (later C.J.), we find the following:

> "Burglary is a common law offense. To warrant a conviction thereof it must be made to appear that there was a breaking and entering during the nighttime of a dwelling or sleeping apartment with intent to commit a felony therein. That the building was or was not occupied at the time affects the degree. G.S., 14-51.
>
> But defendant is not charged with the crime of burglary. He is indicted under G.S., 14-54. The offense there defined, commonly referred to as housebreaking or nonburglarious breaking, is a statutory, not a common law, offense. *S. v. Dozier*, 73 N.C., 117.
>
>      *      *      *

\* \* \* G.S., 14-54 \* \* \* makes it a crime for any person, with intent to commit a felony therein, to break or enter the dwelling of another, otherwise than by a burglarious breaking; \* \* \*.

Thus from the beginning, in respect to a dwelling, it is the entering otherwise than by a burglarious breaking, with intent to commit a felony, that constitutes the offense condemned by the Act. \* \* \*

Under the statute it is unlawful to break into a dwelling with intent to commit a felony therein. It is likewise unlawful to enter, with like intent, without a breaking. \* \* \*"

**[2]** In *State v. Fikes,* 270 N.C. 780, 155 S.E. 2d 277, defendant was indicted for first-degree burglary. In a *per curiam* opinion, we find the following:

"When the State had completed its evidence, defendant moved for a judgment of compulsory nonsuit. The court ruled that it would not submit the case to the jury on the charge of burglary in the first degree, but would submit to the jury the charge of a felonious entering into a house otherwise than burglariously with intent to commit larceny, a violation of G.S. 14-54, which is a less degree of the felony of burglary in the first degree as charged in the indictment. G.S. 15-170. \* \* \*"

G.S. 15-170 provides that "[u]pon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." A violation of G.S. 14-54 is a less degree of the felony of burglary in the first degree as charged in the indictment. *State v. Fikes, supra.*

Since we have quoted from *State v. Locklear, supra,* we might mention the holding of the Supreme Court in *State v. Miller,* 272 N.C. 243, 158 S.E. 2d 47, as follows:

"\* \* \* When, upon arraignment, or thereafter in open court, and in the presence of the defendant, the Solicitor announces the State will not ask for a verdict of guilty of the maximum crime charged but will ask for a verdict of guilty on a designated and included lesser offense embraced in the bill, and the announcement is entered in the minutes of the Court, the announcement is the equivalent of a verdict of not guilty on the charge or charges the Solicitor has elected to abandon. *State v. Pearce,* 266 N.C. 234, 145 S.E. 2d 918."

We do not find it necessary here to say that the rule stated in *State v. Locklear, supra,* has been changed or modified by *State v. Miller, supra.*

[1] We hold that under the evidence presented the trial court was justified in submitting the case on the offense provided by G.S. 14-54 and on the charge of assault with intent to commit rape. Defendant's first assignment of error is overruled.

[3] Defendant's next assignment of error relates to the court's charge to the jury regarding the testimony of James Avent, a witness for the defendant. The evidence disclosed that Avent was the boyfriend of the defendant's sister and that the friendship between defendant and Avent was such that defendant had invited Avent to spend a night with him. The court charged the jury that it should "look carefully into and scrutinize his testimony, but that if after you have done so you believe he is telling the truth about this matter, then you should give the same weight and credence to his testimony as you found that of any disinterested witness." In *State v. Morgan,* 263 N.C. 400, 139 S.E. 2d 708, one of defendant's witnesses testified to the effect that he was a personal friend of the defendant. Another witness said he had known the defendant for three or four years, that he was in the oil business and the defendant was a customer of his; that defendant's sister lived next door to his station. Defendant's witness Anderson testified that he and the defendant worked "together some on farms"; that they did not "visit much socially, sometimes once a week." In his charge the trial court charged the interested witness rule and the Supreme Court affirmed. See also *State v. Faust,* 254 N.C. 101, 118 S.E. 2d 769. We hold that the trial court did not err in this case in charging the interested witness rule and the assignment of error relating thereto is overruled.

Defendant assigns as error a portion of the trial court's charge on the question of alibi. We hold that the charge, when considered contextually, was in harmony with the decisions of our Supreme Court. *State v. Allison,* 256 N.C. 240, 123 S.E. 2d 465; *State v. Stone,* 241 N.C. 294, 84 S.E. 2d 923. The assignment of error is overruled.

[4] The record discloses that the verdict returned in this case was "that the defendant is guilty of felonious B. & E. and guilty of assault with intent to commit rape." We do not know if this is the exact manner in which the jury returned the verdict or if it is merely the manner in which the clerk recorded the verdict; the record would indicate both. No exception was taken to the form of the verdict, hence, no assignment of error relating thereto is before us. Nevertheless, we state that as to form a verdict of "B. & E." is not approved.

The importance of verdicts is so great that abbreviations for offenses should not be encouraged; the possibility of error is much greater when abbreviations are used.

We have carefully considered each assignment of error brought forward in defendant's brief, but finding no merit in any of them, they are overruled.

No error.

MALLARD, C.J., and PARKER, J., concur.