HARRY DAWSON, ALIAS HARRY WALTON DALTON v. STATE OF NORTH CAROLINA

No. 7018SC353

(Filed 24 June 1970)

1. **Constitutional Law § 32;   Criminal Law § 21—.  right to counsel — preliminary hearing**

  A defendant, prior to the 1969 statute, G.S. 7A-451(b)(4), did not have a right to an attorney at a preliminary hearing.

2. **Criminal Law § 134—  reduction of sentence — absence of defendant**

  Defendant failed to show a violation of his constitutional rights by the reduction of his sentence without his knowledge or presence, where the trial court, upon motion by defendant's counsel, reduced a five to seven year sentence for felonious assault to a three to seven year sentence, and there was no suggestion that the reduced sentence was to run concurrently with another sentence.

3. **Burglary and Unlawful Breakings § 2—  lesser degrees of first-degree burglary**

  Felonious breaking and entering is a lesser included offense of first-degree burglary.

4. **Criminal Law § 23—  guilty plea — contention that plea was coerced**

  Defendant who was represented by counsel on trial failed to prove his contention that he was coerced into pleading guilty to felonious breaking and entering in order to avoid the possibility of the death penalty upon conviction of first-degree burglary.

ON certiorari to review order of *Crissman, J.,* 3 June 1968 Criminal Session, GUILFORD Superior Court (High Point Division).

Defendant was charged in valid bills of indictment with first-

degree burglary and felonious assault. The victim was Eldridge Streetman, and the location was a boarding house at 106 Oakwood Street, High Point, North Carolina, where Streetman and Dawson each had a room. Defendant, on 3 June 1968, entered a plea of guilty to felonious assault and to felonious breaking and entering. The defendant, in open court and with his attorney present, was questioned as to the voluntariness of his pleas, and they were found to have been freely, understandingly and voluntarily entered. Upon these pleas, judgment was entered imposing sentences of 5 to 7 years for the breaking and entering and 3 years for the felonious assault, the latter sentence to commence at the expiration of the other. Upon motion of counsel, Judge Crissman reduced the 5- to 7-year sentence to 3 to 7 years, the 3-year sentence to remain the same and to begin at the expiration of the 3- to 7-year sentence.

Defendant gave notice of appeal in each case to the Court of Appeals. On 23 September 1968 these appeals were dismissed by order of Judge Robert Martin for lack of prosecution and failure to perfect the appeal. Dawson filed a petition for a post-conviction hearing on 30 May 1969. The hearing was held on 1 July 1969 before Judge Eugene Shaw. The defendant contended his constitutional rights had been violated in that (1) he had not been given an attorney at his preliminary hearing; (2) his sentence was changed from 5 to 7 years to 3 to 7 years to run prior to the 3-year sentence, while he was on the way to prison and without his knowledge or consent; (3) he had been sentenced for felonious breaking and entering to which he entered a plea of guilty, but the grand jury had indicted him for first-degree burglary, and thus there was no valid bill of indictment for the crime to which he entered his plea of guilty; and (4) although he had requested an attorney to perfect his appeal, one had not been appointed and he had been deprived of a right to appeal.

Judge Shaw, on 23 September 1969, entered an order and judgment in which he found facts supported by the evidence before him and concluded that there was no merit in any of the contentions of the defendant with the exception of the contention that his appeal had not been perfected. Judge Shaw dismissed the petition subject to the defendant being granted the right to petition for a writ of certiorari to review the entire matter, since he had been deprived of an appeal. An attorney was assigned to file the petition and same was allowed by this Court.

The defendant presents for review the questions: (1) deprivation of his right to counsel at his preliminary hearing, (2) violation of

his constitutional rights by the reduction of his sentence without his knowledge or presence, (3) allowance of pleas of guilty to felonious breaking and entering when that allegedly is not a lesser included offense of first-degree burglary and (4) coercion of the defendant to plead guilty to felonious breaking and entering by virtue of the death penalty provision with respect to first-degree burglary.

*Attorney General Robert Morgan by Staff Attorney Edward L. Eatman, Jr., for the State.*

*James F. Morgan and D. P. Whitley, Jr., for plaintiff appellant.*

CAMPBELL, J.

[1] A defendant, prior to the 1969 statute, G.S. 7A-451(b)(4), did not have a right to an attorney at a preliminary hearing. *State v. Gasque*, 271 N.C. 323, 156 S.E. 2d 740 (1967), *cert. denied*, 390 U.S. 1030. This assignment of error is without merit.

[2] It does not appear to this Court wherein the defendant has been prejudiced by the reduction of his sentence. The first sentence provided that the 3-year sentence for felonious assault was to begin at the end of a 5- to 7-year sentence for felonious breaking and entering. Thereafter, on motion of defendant's counsel, a reduction was made in the first sentence so as to make it a 3- to 7-year sentence, rather than 5 to 7 years. There is no suggestion in this record that the sentences were ever to run concurrently, as defendant contends. This assignment of error is without merit.

[3] Felonious breaking and entering is a lesser included offense to first-degree burglary. *State v. Gaston*, 4 N.C. App. 575, 167 S.E. 2d 510 (1969), *cert. denied*, 275 N.C. 500. This assignment of error is without merit.

[4] The fourth matter presented to us for review was not presented to Judge Shaw. Nevertheless, we have considered the contention of the defendant to the effect that he was coerced into pleading guilty to felonious breaking and entering in order to avoid the possibility of the death penalty upon conviction of first-degree burglary. There is no merit in this position. The record discloses that the defendant freely, understandingly and voluntarily entered the plea of guilty before Judge Crissman on 3 June 1968. The Supreme Court of the United States handed down three opinions during the week of 4 May 1970 which set forth criteria for attacking a guilty plea as being involuntary. *Brady v. United States*, 38 L.W. 4366; *Parker v. North Carolina*, 38 L.W. 4371; *McMann v. Richardson*,

38 L.W. 4379. These cases hold that when a defendant has volun-
tarily authorized his attorney to enter a plea of guilty, he may not
later attack the plea as being involuntary.

We have carefully reviewed the record in this case and find that
the defendant has received a fair trial and a careful review upon a
post-conviction hearing, and we find no error.

Affirmed.

PARKER and VAUGHN, JJ., concur.