STATE OF NORTH CAROLINA v. KENNETH LUTHER McCOY, AKA JASON
McCOY

No. 858SC192

(Filed 4 February 1986)

1. **Burglary and Unlawful Breakings § 1— second degree burglary—breaking and
   entering required**
       Unlike felonious breaking or entering with intent to commit larceny, sec-
   ond degree burglary requires proof of both a breaking and an entering.
   N.C.G.S. 14-51.

2. **Burglary and Unlawful Breakings § 5— second degree burglary—insufficient
   evidence—guilt of felonious breaking or entering**
       The evidence was insufficient to support defendant's conviction of second
   degree burglary where the trial court failed to instruct the jury on acting in
   concert, and the evidence failed to show that defendant personally committed
   any act constituting a breaking in that it showed only that the screen on the
   kitchen window of the victim's apartment was removed, the window was pried
   open, and defendant and another man were seen carrying items of property
   from the back door of the apartment, but there was no evidence that defend-
   ant, rather than the other man, removed the screen and pried open the win-
   dow. However, by finding defendant guilty of second degree burglary, the jury
   necessarily found facts that would support defendant's conviction of felonious
   breaking or entering, and the case will be remanded for entry of a judgment
   as upon a conviction of felonious breaking or entering.

3. **Larceny § 4— indictment for larceny by burglary—conviction of larceny by
   breaking or entering**
       An indictment charging defendant with larceny pursuant to a burglary is
   sufficient to uphold defendant's conviction of larceny pursuant to a breaking or
   entering.

4. **Larceny § 7.2— identity of stolen property—sufficient evidence**
       Evidence that defendant was seen leaving the victim's apartment with
   goods resembling those later reported stolen was sufficient to support an in-
   ference by the jury that defendant took property belonging to the victim.

5. **Larceny § 1; Receiving Stolen Goods § 1— felonious larceny—felonious posses-
   sion of stolen property—improper conviction of both crimes**
       Defendant could not properly be convicted and sentenced for both
   felonious larceny and felonious possession of the same stolen property, and
   judgment entered on the verdict of guilty of felonious possession of stolen
   goods must be vacated.

       Judge EAGLES concurring.

APPEAL by defendant from *Barefoot, Judge*. Judgments entered 28 November 1984 in Superior Court, WAYNE County. Heard in the Court of Appeals 25 September 1985.

Defendant appeals from judgments of imprisonment entered upon verdicts finding him guilty of second degree burglary, larceny after breaking or entering, and possession of goods stolen pursuant to a breaking or entering.

*Attorney General Thornburg, by Associate Attorney J. Allen Jernigan, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Geoffrey C. Mangum, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in denying his motion to dismiss the charge of second degree burglary. The court failed to instruct on acting in concert. Accordingly, defendant's conviction may be upheld only if the evidence supports a finding that he personally committed each element of the offense. *State v. Cox*, 303 N.C. 75, 85-87, 277 S.E. 2d 376, 383-84 (1981); *State v. Smith*, 65 N.C. App. 770, 772-73, 310 S.E. 2d 115, 116-17, *modified on another point and affirmed*, 311 N.C. 145, 316 S.E. 2d 75 (1984). Second degree burglary is the unlawful breaking and entering of an unoccupied dwelling in the nighttime with the intent to commit a felony therein. N.C. Gen. Stat. 14-51; *State v. Jones*, 294 N.C. 642, 656, 243 S.E. 2d 118, 127 (1978). Unlike felonious breaking or entering with intent to commit larceny, second degree burglary requires proof of both a breaking and an entering. *E.g., State v. Jolly*, 297 N.C. 121, 127-28, 254 S.E. 2d 1, 5-6 (1979); *State v. Wilson*, 289 N.C. 531, 538, 223 S.E. 2d 311, 315 (1976).

Evidence, whether circumstantial or direct, from which jurors may reasonably infer that defendant committed each element of the offense, is sufficient to withstand a motion to dismiss. *State v. Stephens*, 244 N.C. 380, 383-84, 93 S.E. 2d 431, 433-34 (1956). The State's evidence need not exclude every reasonable hypothesis except that of guilt. *Id.*

The evidence, considered in the light most favorable to the State as required, *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E. 2d 649, 652 (1982), tends to establish the following:

Before leaving his apartment on the evening of 28 January 1984, Devon Ward secured his back door with a chain lock and by wedging a chair under the handle. The storm door was closed but would not lock. Ward secured his front door with a dead bolt lock. All windows were closed and locked.

When Ward returned at approximately 9:00 the next morning, the screen to his kitchen window had been removed, the lock on the window had been removed, the window was raised, and the kitchen door was open. Beneath the kitchen window a trash can had been turned upside down and a pillow placed on top of it. A television set and two rifles were missing.

Doris Wellington testified that on 28 January 1984 around 9:30 p.m. she saw defendant and a man she identified as Dwight Edwards come out the back door of Ward's apartment. Defendant was carrying a brown pillowcase containing two shotguns and Edwards was carrying something shaped like a box inside a pillowcase. Later that evening Wellington observed defendant several blocks away attempting to sell a shotgun.

[2] Defendant argues that the jury could only speculate as to whether he personally committed any act which constituted a breaking. We are constrained to agree. Entry through an open window or door does not constitute a breaking. *State v. Chambers*, 218 N.C. 442, 11 S.E. 2d 280 (1940). There was no evidence from which the jury reasonably could conclude that defendant, rather than Edwards, removed the screen and pried open the window. It is just as likely that defendant crawled through the window after Edwards opened it. Since the court failed to instruct the jury on acting in concert, the evidence does not permit a finding that defendant personally committed each element of the offense. *Cox, supra; Smith, supra.*

The conviction, however, need not be reversed. Felonious breaking or entering, N.C. Gen. Stat. 14-54(a), is a lesser included offense of second degree burglary and only requires proof of a breaking *or* entering with the intent to commit any felony or larceny therein. *See State v. Fikes*, 270 N.C. 780, 155 S.E. 2d 277 (1967); *State v. Gaston*, 4 N.C. App. 575, 167 S.E. 2d 510 (1969). By finding defendant guilty of second degree burglary the jury necessarily found facts that would support defendant's conviction of felonious breaking or entering. Thus, the judgment entered on a

verdict of guilty of second degree burglary is vacated, and the case is remanded for entry of a judgment as upon a conviction of felonious breaking or entering. *State v. Corley*, 310 N.C. 40, 55, 311 S.E. 2d 540, 549 (1984). *See also State v. Cox*, 281 N.C. 131, 187 S.E. 2d 785 (1972); *State v. O'Neal*, 77 N.C. App. 600, 335 S.E. 2d 920 (1985).[1]

[3] Defendant contends the court erred in denying his motion to dismiss the charge of felonious larceny. Relying on his first argument, *supra*, he argues that the State's failure to present evidence sufficient to uphold his conviction for second degree burglary creates a fatal variance between the allegations in the indictment, which charged him with larceny committed pursuant to a burglary, and the proof presented at trial. *See State v. Faircloth*, 297 N.C. 100, 106-08, 253 S.E. 2d 890, 894-95 (1979); *State v. Davis*, 253 N.C. 86, 98-99, 116 S.E. 2d 365, 373 (1960), *cert. denied*, 365 U.S. 855 (1961), *rev'd on other grounds*, 384 U.S. 737 (1966).

Defendant correctly asserts that as the State's evidence was insufficient to prove he personally broke into Ward's apartment, the felony aspect of his larceny conviction cannot be based on second degree burglary. *See Faircloth, supra; Davis, supra*. He further argues that the felony aspect of his larceny conviction cannot be based on "breaking or entering" as the indictment failed to allege such a violation. We disagree.

The indictment upon which defendant was convicted of felonious larceny charges that defendant:

during the nighttime between the hours of 9:00 p.m. and 1:00 a.m., after having unlawfully, wilfully and feloniously broken into and entered a building occupied by Devon Ward used as a dwelling house located at 402 S. William St., Goldsboro, N.C. with the intent to commit the felony of larceny, unlawfully, and wilfully did feloniously steal, take and carry away (1) Panasonic 13" color T.V. ser no. PJ44T0883; (1) 22 caliber

---

1. Judges Whichard and Cozort wish to note their agreement that Judge Eagles' concurring opinion presents a valid concern regarding this issue. They believe, however, that the result reached is dictated by precedent. They further note that the State in its brief argues that this Court should reach this result if it finds, as it has, that the conviction of second degree burglary cannot be upheld.

rifle; & (1) 22 caliber bolt action Glenfield Martin rifle, ser no 27458875 the personal property of Devon Ward having a value of $800.00 dollars.

The indictment is clearly sufficient to sustain a felonious larceny conviction under N.C. Gen. Stat. 14-72(b)(2), specifically, a larceny committed pursuant to a second degree burglary, N.C. Gen. Stat. 14-51, or under N.C. Gen. Stat. 14-72(a), *viz*, a larceny of goods with a value of more than four hundred dollars. The State, however, failed to present evidence regarding the value of the goods stolen. The court instructed the jury that it should find defendant guilty of felonious larceny if the State proved beyond a reasonable doubt "that the property was taken from a building during a burglary *or after a breaking or entering*." Defendant did not object to the court's instructions. The issue of whether defendant committed larceny pursuant to a burglary was not submitted to the jury. The jury found defendant guilty of "larceny after a breaking or entering" and the court entered judgment accordingly.

While it is error for the court to permit the jury to convict based on "some abstract theory not supported by the bill of indictment," *State v. Taylor*, 301 N.C. 164, 170, 270 S.E. 2d 409, 413 (1980), the indictment charging defendant with larceny pursuant to a burglary is sufficient to uphold defendant's conviction for larceny pursuant to a breaking or entering. Felonious breaking or entering, N.C. Gen. Stat. 14-54, is a lesser degree of the offense of second degree burglary. *Fikes, supra; Gaston, supra.* N.C. Gen. Stat. 15-170 provides that "[u]pon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime . . . ." Thus, we find no fatal variance.

Portions of defendant's argument could be construed as an exception to the court's failure to instruct the jury regarding the elements of breaking or entering. As defendant failed to object to the charge, this issue was not preserved for consideration on appeal. N.C. R. App. P. 10(b)(2). Further, any failure by the court to set forth fully the elements of breaking or entering was harmless error. The court properly instructed the jury regarding the elements of second degree burglary. By finding defendant guilty of second degree burglary the jury necessarily found that he had

committed each element of the offense of felonious breaking or entering.

**[4]** Defendant further argues that the State failed to present substantial evidence that he took and carried away "the personal property of another." *See, e.g., State v. Bowers,* 273 N.C. 652, 161 S.E. 2d 11 (1968). Relying on *State v. Foster,* 268 N.C. 480, 151 S.E. 2d 62 (1966) and *State v. Evans,* 1 N.C. App. 603, 162 S.E. 2d 97 (1968), he contends the State failed to establish that the shotguns Wellington saw in his possession were those stolen from Ward.

In *Foster* and *Evans* evidence that defendants were in possession of goods which resembled stolen goods, but could not be positively identified as such, was found insufficient to uphold larceny convictions. The facts here differ in that defendant was seen leaving Ward's apartment with goods resembling those later reported stolen. The State presented substantial evidence from which the jury could infer that defendant took property belonging to Ward; accordingly, the court properly denied the motion to dismiss the charge of felonious larceny.

**[5]** Defendant contends the court erred in entering judgments upon verdicts of guilty of both felonious larceny and felonious possession of stolen property, and consolidating the verdicts for sentencing. We agree. In *State v. Perry,* 305 N.C. 225, 231, 287 S.E. 2d 810, 814 (1982), the Supreme Court held that in enacting N.C. Gen. Stat. 14-71.1 (possessing stolen goods) and N.C. Gen. Stat. 14-72 (larceny of property), the legislature did not intend that an individual be punishable for possession of the same goods that he stole. *Id.* at 234-37, 287 S.E. 2d at 816-17. The State concedes it is unable to distinguish the holding in *Perry* from the facts here. Neither can we. Accordingly, the judgment entered on the verdict of guilty of felonious possession of stolen goods must be vacated. *Id.* Because the possession of stolen goods charge was consolidated for sentencing with the larceny charge, the sentence as to the larceny charge must be vacated and the cause remanded for resentencing. *See State v. Anderson,* 76 N.C. App. 434, 439, 333 S.E. 2d 762, 766 (1985).

The result is:

(1) As to second degree burglary, judgment vacated, remanded for entry of judgment as upon a conviction of felonious breaking or entering.

(2) As to larceny after breaking or entering, no error; sentence vacated, remanded for resentencing.

(3) As to possession of stolen goods, judgment vacated, remanded for entry of judgment of dismissal.

Judges EAGLES and COZORT concur.

Judge EAGLES concurring.

I concur but wish to note my concerns with our disposition of the second degree burglary charge. At the outset I note that the presumptive sentence for second degree burglary is 12 years, while the presumptive for breaking or entering is 3 years.

While there is ample precedent for the disposition ordered (for example, *State v. Corley*, 310 N.C. 40, 311 S.E. 2d 540 (1984)), I would prefer to defer to the constitutional authority of the elected district attorney to exercise his discretion in the prosecution of the criminal cases of his district. I would prefer not to remand the second degree burglary case for entry of judgment on a conviction of breaking or entering but to order a new trial.

In my judgment, the better rule would be that where the failing on the original charge arises because of deficiencies in the indictment, it is appropriate for remand for entry of a judgment of conviction of the lesser included offense with which defendant was properly charged. However, where a conviction on the charge originally selected by the district attorney is required to be reversed because of prejudicial inadequacies in the jury instructions, the appellate court should defer to the district attorney and remand the matter for a new trial on the original charge or such other charge as the district attorney in his prosecutorial discretion selects.

By our decision we have, consistent with precedent, risked two competing injustices: first, the defendant is denied a fair trial

with proper instructions on the original charge of which he was informed by the indictment, and second, the State may be forced to give a defendant who could be proven guilty of the more serious offense an unwarranted benefit by preventing the district attorney from exercising his discretion to try the defendant on the original charge.

I concur because there is ample case authority for the disposition ordered and because the State's brief seems to encourage this disposition, but the better course of action would be to remand for a new trial to permit the elected district attorney to exercise his constitutional authority.