STATE OF NORTH CAROLINA, Plaintiff,
v.
ANTHONY LEE McNAIR, Defendant.
No. COA08-469
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Elizabeth Leonard McKay, for the State.
Parish, Cooke & Condlin, by James R. Parish, for defendant-appellant.
STROUD, Judge.
Defendant was convicted by a jury of felony breaking and entering, felonious larceny after breaking and entering and attaining habitual felon status. Defendant contends the trial court erred by (1) failing to dismiss the substantive charges due to insufficiency of the evidence; (2) proceeding with the habitual felon phase of defendant's trial without a sufficient interlude after arraignment; (3) depriving defendant of his right to effective assistance of counsel during the habitual felon proceeding; and (4) sentencing defendant as an habitual felon. For the following reasons, we find no error in defendant's trial on the substantive offenses, but grant a new trial on the habitual felon charge.

I. Background
The State's evidence tended to show: On 15 May 2007, around 2 p.m., Loris McClain ("Ms. McClain" or "the victim") left her residence to run an errand. Ms. McClain closed and locked the doors to her house when she left. As she left Ms. McClain observed a young man, whom she later identified as defendant, standing in the yard of a nearby house. Shortly thereafter, Ms. McClain's neighbor Sharlethea Wallace ("Ms. Wallace") saw a young man, whom she was not able to identify, sitting on the porch of an abandoned house directly adjacent to Ms. McClain's residence. Ms. Wallace described him as an African-American young man wearing jean shorts and flip flops. A little while later Ms. Wallace noticed the same young man walk from behind Ms. McClain's house carrying an item under his arm and carrying another item in his other hand. The young man then walked down Thomas Street away from Ms. McClain's residence. Ms. Wallace called 911, recounting the events she had just witnessed, and giving a description of the young man, including what he was wearing.
Rocky Mount Police Officer Justin Godwin ("Officer Godwin") received the call about the suspicious person and the description that Ms. Wallace had provided. Based on this description, Officer Godwin stopped the defendant four blocks from Ms. McClain's residence carrying a Play Station game in one arm and a 12-pack of Sprite in the other. Officer Godwin said defendant fit the description he received from his dispatch. Officer Godwin identified the man that he detained and questioned as defendant. Office Godwin took defendant back to Ms. McClain's residence but could not find signs of forced entry and let defendant go after filling out a field investigation card. Officer Godwin did not talk to Ms. McClain as she had not returned from her errand. Around 2:30 p.m. Ms. McClain returned and discovered a Play Station and some Sprite sodas were missing from her residence. Ms. McClain stated that she never gave defendant consent to go into her house or to take the Play Station or Sprite sodas.
On 6 August 2007, the Nash County Grand Jury indicted defendant for felonious breaking and entering, felonious larceny after breaking and entering and for having attained the status of habitual felon. Defendant was tried before a jury on 26 November 2007. The jury found defendant guilty of felonious breaking and entering and larceny after breaking and entering. On 27 November 2007, the same jury found defendant guilty of attaining habitual felon status. The trial court consolidated the convictions for sentencing and sentenced defendant in the presumptive range to a term of imprisonment of 100 to 129 months. Defendant appeals.

II. Sufficiency of Evidence
Defendant first contends that the trial court erred by denying his motion to dismiss[1] due to insufficiency of the evidence the charges of (1) felonious breaking and entering and (2) felonious larceny after breaking and entering. Defendant contends that the charge of felony breaking and entering should have been dismissed because the State's evidence failed to place defendant inside the victim's residence, and that the charge of larceny should have been dismissed because the State failed to present evidence putting defendant in possession of the stolen property.

A. Standard of Review
The proper standard of review on a motion to dismiss based on insufficiency of the evidence is the substantial evidence test. The substantial evidence test requires a determination that there is substantial evidence (1) of each essential element of the offense charged, and (2) that defendant is the perpetrator of the offense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. If there is substantial evidence of each element of the charged offense, the motion should be denied.
State v. Key, 182 N.C. App. 624, 628-29, 643 S.E.2d 444, 448 (citations and quotation marks omitted), disc. review. denied, 361 N.C. 433, 649 S.E.2d 398 (2007). "In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." State v. Wood, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (citation and quotation marks omitted).
The court's evaluation of the evidence may rest on "circumstantial evidence where the circumstance raises a logical inference of the fact to be proved and not just a mere suspicion or conjecture." State v. Boomer, 33 N.C. App. 324, 327, 235 S.E.2d 284, 286, cert. denied, 293 N.C. 254, 237 S.E.2d 536 (1977). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996) (citation omitted). "This is true even though the evidence may support reasonable inferences of the defendant's innocence." State v. Everette, 361 N.C. 646, 651, 652 S.E.2d 241, 244-45 (2007) (citation and quotation marks omitted).

B. Analysis
"The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein." State v. Litchford, 78 N.C. App. 722, 725, 338 S.E.2d 575, 577 (1986) (citing N.C. Gen. Stat. § 14-54(a)). "Either a breaking or an entering with the requisite intent is sufficient to constitute a violation of [N.C. Gen. Stat. § 14-54(a)]." State v. Bronson, 10 N.C. App. 638, 640, 179 S.E.2d 823, 825 (1971) (citations omitted). As to the final element, "the intent to commit larceny may be inferred from the fact that defendant committed larceny." State v. Thompkins, 83 N.C. App. 42, 43, 348 S.E.2d 605, 606 (1986) (citations omitted) (holding that "evidence tending to show that [the] defendant was seen walking around the [victim's] house with large objects in his hands and that [similar items] were missing supports a finding that [the] defendant committed larceny, and thus supports an inference that he committed the breaking or entering with the intent to commit larceny"). "[T]he essential elements of larceny are: (1) taking of the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to permanently deprive the owner of the property[.]" State v. Cathey, 162 N.C. App. 350, 353, 590 S.E.2d 408, 410 (2004).
Where, as here, there is no direct evidence of breaking or entering or of larceny, the State must rely on the doctrine of recent possession. State v. Maines, 301 N.C. 669, 673, 273 S.E.2d 289, 293 (1981). To properly deny a motion to dismiss when the State relies on the doctrine of recent possession,
there must be proof of three things: (1) That the property described in the indictment was stolen, the mere fact of finding one man's property in another man's possession raising no presumption that the latter stole it; (2) that the property shown to have been possessed by [the] accused was the stolen property; and (3) that the possession was recently after the larceny, since mere possession of stolen property raises no presumption of guilt.
State v. Foster, 268 N.C. 480, 485, 151 S.E.2d 62, 66 (1966). "Recently after" means that "[t]he possession, in point of time, should be so close to the theft as to render it unlikely that the possessor could have acquired the property honestly." State v. Jackson, 274 N.C. 594, 597, 164 S.E.2d 369, 370 (1968). Proof sufficient to satisfy the doctrine of recent possession is sufficient to sustain a conviction both for breaking or entering and for larceny. State v. Durham, 74 N.C. App. 201, 204, 328 S.E.2d 304, 306 (1985) ("[E]vidence [that golf clubs locked in the victim's car at 8:00 a.m. were found in the defendant's possession at noon] clearly gives rise to the inference that [the] defendant was the thief and stole the clubs by breaking and entering the car. The State's evidence was sufficient to go to the jury and to support the judgment."); see also State v. Baskin, ___ N.C. App. ___, ___, 660 S.E.2d 566, 572 (2008) ("Even if defendant is not observed entering the vehicle, defendant's unlawful possession of property which had been in the vehicle a short time before is sufficient to support an inference of entry." (Citing State v. Durham.)) Defendant chiefly relies on State v. Foster, 268 N.C. 480, 151 S.E.2d 62 (1966) and State v. Evans, 1 N.C. App. 603, 162 S.E.2d 97 (1968). Based on Foster and Evans, defendant contends that the State failed to present sufficient evidence to satisfy the doctrine of recent possession. We disagree with defendant because we conclude that the facts sub judice are more similar to those in State v. McCoy, 79 N.C. App. 273, 339 S.E.2d 419 (1986), than Foster and Evans.
In Evans, the charges were dismissed because there was no evidence placing the defendant at the scene of the crime and the victim could not identify the allegedly stolen merchandise when it was shown to him. 1 N.C. App. at 604-05, 162 S.E.2d at 97-98. In Foster, the charges were dismissed because tires similar to the ones allegedly stolen, but without any specific identifying characteristics, were not seen in the defendant's possession until four days after the alleged break-in. 268 N.C. at 485, 151 S.E.2d 66-67. In McCoy, the defendant relied on Evans and Foster. 79 N.C. App. at 278, 339 S.E.2d at 422. However, McCoy specifically distinguished Foster and Evans, stating, "[t]he facts here differ in that defendant was seen leaving [the victim's] apartment with goods resembling those later reported stolen." Id. at 278, 339 S.E.2d at 423 (emphasis added). Accordingly, McCoy concluded "[t]he State presented substantial evidence from which the jury could infer that defendant took property belonging to [the victim.]" Id.
In the case sub judice, as in McCoy and distinguishable from Evans, the items found in defendant's possession, a Play Station and a pack of Sprite, matched the description of the items reported stolen by the victim 30 minutes to an hour later. Furthermore, also as in McCoy, and distinguishable from Evans, Ms. Wallace testified she saw a young man walk from behind the victim's house carrying two items. We further distinguish Foster because Ms. Wallace testified that following her observation, she called 911 and gave police a description of the young man and the direction he was walking. Based on Ms. Wallace's description, Officer Godwin found defendant in possession of a Play Station and Sprite soda within four blocks of the victim's house only fifteen minutes after Ms. Wallace called 911.
Viewing this evidence in the light most favorable to the State, we conclude there was substantial evidence of recent possession of stolen property sufficient to take the case to the jury on both substantive charges under the doctrine of recent possession. Accordingly, the trial court properly denied defendant's motion to dismiss.

III. Arraignment as an Habitual Felon
Defendant next contends that the trial court erred by trying him on the habitual felon charge the day he was arraigned on that charge, in violation of N.C. Gen. Stat. § 15A-943. The State contends that defendant waived this statutory right by failing to raise an objection before the trial court.
N.C. Gen. Stat. § 15A-943(a) (2007) provides:
In counties in which there are regularly scheduled 20 or more weeks of trial sessions of superior court at which criminal cases are heard, and in other counties the Chief Justice designates, the prosecutor must calendar arraignments in the superior court on at least the first day of every other week in which criminal cases are heard. No cases in which the presence of a jury is required may be calendared for the day or portion of a day during which arraignments are calendared.
Id. Subsection (b) of the statute further provides that "when a defendant pleads not guilty at an arraignment required by subsection (a), he may not be tried without his consent in the week in which he is arraigned." N.C. Gen. Stat. § 15A-943(b) (2007). Defendant does not address whether N.C. Gen. Stat. § 15A-943(a) applies to invoke subsection (b) sub judice, but this Court takes judicial notice that it does apply in Nash County, where defendant's trial occurred.
The protection of subsection (b) has been liberally construed by this Court, holding that:
unless a defendant has waived the statutory protection, violation of the requirements of N.C. Gen. Stat. § 15A-943(b) constitutes automatic reversible error; no prejudice need be shown. While the statute may be waived by a defendant's failure to object, to preserve the statutory right, a defendant need not explicitly cite the statute in his objection. Rather, it is sufficient if the defendant's objection or motion to continue relates to the purposes for which the statute was enacted. The purpose of section 15A-943(b) is to allow both sides a sufficient interlude in order to prepare for trial.
State v. Vereen, 177 N.C. App. 233, 236, 628 S.E.2d 408, 411 (2006) (citations, brackets and quotation marks omitted); emphasis added); State v. Cates, 140 N.C. App. 548, 551-52, 537 S.E.2d 508, 510-11 (2000) (holding the defendant did not waive the statutory protection of N.C. Gen. Stat. § 15A-943(b) where defense counsel requested continuance following arraignment solely to resume plea discussion and prepare for trial).
The day after defendant's conviction on the two substantive felonies sub judice, defendant was arraigned on the habitual felon indictment. Defendant pled not guilty. After defendant's plea, defense counsel and the trial court held the following colloquy:
[DEFENSE COUNSEL]: . . . One more [motion], [N.C. Gen. Stat. § 14-7.3[2]] require[s] that the Defendant [] get the 20 days notice, prior to trail [sic] that he has been charged with a habitualas a habitual felon. [Defendant], the indictment that I received was not marked true bill at the bottom where you mark and sign. [Defendant] received the actual true bill, which I have never seenif I may approach, Your Honor.
THE COURT: Yes.
[DEFENSE COUNSEL]: [Defendant] received it on 11-19, just a week before trial. This is the paper work that [defendant] received while he was in jail.
(Footnote added.)
Immediately after this colloquy, the trial court scolded the prosecutor for taking more than three months to serve the habitual felon indictment on defendant, even though defendant had been incarcerated during that time. The trial court then called in the jury and gave them a one-hour break. When the jury left the courtroom again, the trial court orally sentenced defendant on the two substantive felonies. The trial court proceeded to hear unrelated matters. Just before the jury returned to the courtroom, the trial court said:
Madame Court Reporter, in reflecting on the position that the Court took in the matter of Anthony Lee McNair as it pertains to moving forward on the habitual felon indictment. Reflecting upon the Statute and the motion made by [defense counsel] the Court on its own motion vacates what it previously had done.
The Court says to itself that it did not have the authority to do what it did. Therefore, I am going to move ahead with the habitual enhancement. So the [judgment rendered earlier], strike that.
The trial court then proceeded with the habitual felon phase of defendant's trial.
Because we must liberally construe defendant's motion as to "whether [defendant's] need for a continuance is based upon the same purposes for which the statute was enacted[,]" Cates, 140 N.C. App. at 551, 537 S.E.2d at 510, we conclude the motion for twenty days notice pursuant to N.C. Gen. Stat. § 14-7.3 was based on the need for additional time to prepare for trial. We therefore conclude that the trial court erred when it proceeded to try defendant on the habitual felon charge on the same day that he was arraigned. Accordingly, we grant defendant a new trial on the habitual felon charge.

IV. Cruel and Unusual Punishment
Finally, defendant argues that the trial court committed constitutional error by sentencing defendant as an habitual felon, contending that the cumulative sentence of 100 to 129 months constituted cruel and unusual punishment under the circumstances. Even though we need not discuss this issue because we have already determined that defendant is entitled a new trial on the habitual felon indictment, we address it because it is likely to arise at a new trial.
This Court has squarely addressed this specific issue and has held, "[s]entence enhancement based on habitual felon status does not constitute cruel and unusual punishment under the Eighth Amendment." State v. Dammons, 159 N.C. App. 284, 298, 583 S.E.2d 606, 615 (citations omitted), disc. review denied, 357 N.C. 579, 589 S.E.2d 133 (2003), cert. denied, 541 U.S. 951, 158 L. Ed. 2d 382 (2004). Accordingly, this assignment of error is without merit.

V. Conclusion
The trial court did not err when it denied defendant's motion to dismiss the charges of felonious breaking and entering and larceny. However, the trial court did err when it tried defendant as an habitual felon on the same day that he was arraigned; therefore defendant is entitled to a new trial on the habitual felon charge.
No Error in part, new trial in part.
Judges STEELMAN and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] Defense counsel did not make a motion to dismiss based on insufficiency of the State's evidence but made a motion for directed verdict, which was denied. In a criminal case, a motion to dismiss for insufficient evidence and a motion for a directed verdict have the same effect. State v. Mize, 315 N.C. 285, 290, 337 S.E.2d 562, 565 (1985).
[2] "No defendant charged with being an habitual felon in a bill of indictment shall be required to go to trial on said charge within 20 days of the finding of a true bill by the grand jury; provided, the defendant may waive this 20-day period." N.C. Gen. Stat. § 14-7.3 (2007).