STATE OF NORTH CAROLINA v. GILBERT M. SHOOK, JR.

No. 83

(Filed 11 October 1977)

1. **Criminal Law § 22— arraignment—one week interim before trial—waiver necessary**

    G.S. 15A-943(b) created a right in defendant not to be tried without his consent during the week following his not guilty plea at his arraignment in Cumberland County, and the infringement of this right, where there was no waiver by defendant, was reversible error.

2. **Criminal Law § 22— arraignment—necessity for calendaring—waiver of time by defendant**

    In order to effect the intent of the legislature, G.S. 15A-943(a) must be construed to require not only that the solicitor "calendar arraignments" as provided but also that *every* arraignment be calendared and that, absent any waiver, no arraignment may take place except at a time when it is so calendared.

3. **Assault and Battery § 5.3; Weapons and Firearms— discharging firearm into occupied building—assault with deadly weapon—defendant charged with both crimes—no double jeopardy**

    The two offenses of which defendant was convicted, (1) discharging a firearm into an occupied building and, (2) assault with a deadly weapon inflicting serious injury, are entirely separate and distinct offenses, and defendant was not subjected to double jeopardy when he was charged with both crimes, convicted and given consecutive sentences.

    Justice HUSKINS took no part in the consideration or decision of this case.

ON petition for further review of the decision of the Court of Appeals, reported without published opinion, 31 N.C. App. 749, 230 S.E. 2d 702 (1976), upholding judgment of *Bailey, J.*, 2 February 1976 Session of CUMBERLAND Superior Court. Argued as No. 58 at the Spring Term 1977.

*Rufus L. Edmisten, Attorney General, by William F. Briley, Assistant Attorney General, for the State.*

*Seavy A. Carroll, Attorney for defendant appellant.*

EXUM, Justice.

Defendant was convicted of discharging a firearm into an occupied building and assault with a deadly weapon, inflicting serious injury. He was sentenced to two consecutive ten-year terms. Evidence was adduced at trial tending to show that on the night of 27 July 1975 defendant waited outside the Charcoal Tavern in Fayetteville, anticipating a confrontation with one Yarborough,

whose car he thought he saw outside. Finally becoming impatient, defendant fired his .22 rifle several times into the building, then occupied by a number of patrons. One shot penetrated a piece of plywood and hit Robert Louis Johnson, who was sitting inside the tavern. The wound resulted in the victim's nearly total paralysis.

The important issue presented by this appeal is whether the trial court erred in allowing defendant's trial to begin, over his objection, on 17 September 1975, the same day on which he was arraigned. Defendant asserts this procedure contravened General Statute 15A-943, which provides, in pertinent part:

"§ 15A-943. *Arraignment in superior court—required calendaring.* — (a) In counties in which there are regularly scheduled 20 or more weeks of trial sessions of superior court at which criminal cases are heard, and in other counties the Chief Justice designates, the solicitor must calendar arraignments in the superior court on at least the first day of every other week in which criminal cases are heard. No cases in which the presence of a jury is required may be calendared for the day or portion of a day during which arraignments are calendared.

"(b) When a defendant pleads not guilty at an arraignment required by subsection (a), he may not be tried without his consent in the week in which he is arraigned."

We take judicial notice of the dates and terms of superior court and that Cumberland County is one of those in which at least 20 weeks of trial sessions at which criminal cases are heard are regularly scheduled. 3 Strong's N.C. Index 2d, Evidence § 1.

The Court of Appeals noted a violation of subsection (b) but found that no prejudice to defendant was shown and therefore overruled the assignment of error.

[1] We hold that General Statute 15A-943 (b) created a right in defendant not to be tried without his consent during the week following his not guilty plea at his arraignment in Cumberland County. The infringement of this right, where there was no waiver by defendant, was reversible error.

The record in this case indicates that defendant Shook's arraignment was originally calendared on 17 September 1975 but was continued until 6 October 1975. The reason for the continuance is not shown. The case was again calendared on the Motions and Arraignment Docket for Monday, 6 October 1975. Some controversy as

to the nature of the proceedings on that date is revealed in the record. The settlement of the record on appeal by Judge Bailey, the trial judge, indicates that defendant's counsel appeared on 6 October and moved for defendant's commitment for pre-trial examination. No further disposition of the case on that date appears of record, although an entry on 21 October 1975 shows a petition and order for pre-trial commitment to Dorothea Dix Hospital. Defendant was at all times represented by attorney Seavy A. Carroll and had been early apprised of the charges against him.

The case was calendared for trial on Monday, 2 February 1976, no formal arraignment having been held. Defendant appeared at the appointed time but objected when the court instructed the assistant district attorney to arraign the defendant. His objection having been overruled, defendant was arraigned. He pleaded not guilty to both counts of the indictment. Immediately thereafter, Mr. Carroll advised the court of his objection "to the proceeding of the trial immediately after the arraignment." Judge Bailey's response was, "All right, the defendant moves for a continuance. Motion is denied. Put a jury in the box, please Ma'am."

General Statute 15A-943(a) is not a model of legislative draftsmanship. On its face it seems to require, in those larger counties to which it applies, only two things: (1) that the solicitor calendar arraignments on at least the first day of every other week in which criminal cases are heard, and (2) that no jury trial may be calendared on a day upon which arraignments are calendared. By its terms the statute mandates nothing whatever regarding arraignments which, like this one, are held without having been *calendared* at that time.

We must, of course, construe the meaning of the statute in accordance with the ascertainable intent of the legislature. *In re Arthur*, 291 N.C. 640, 231 S.E. 2d 614 (1977); *Stevenson v. City of Durham*, 281 N.C. 300, 188 S.E. 2d 281 (1972). In construing a statute to determine its legal effect, we may infer the legislative intent by looking to the purpose of the statute, the evils which it is designed to remedy and the effects of alternative constructions. *In re Arthur, supra.*

The official commentary to General Statutes, Chapter 15A, Article 51, Arraignment, declares:

> "It is the purpose of this Article not only to define arraignment in any court but also to provide for a separate time of arraignment in superior court. Time for jurors and witnesses will be saved if matters not requiring their presence can be dis-

posed of before they are brought in. The Commission feels that it is important to our system of justice that unnecessary impositions on the time of citizens be avoided. Thus, in the more populous counties here defined as those having as much as 20 weeks of criminal court (and others which the Chief Justice may designate), a separate time for arraignment will be required. In other counties it is authorized on an optional basis."

Obviously the financial interest of the state as well as the private interests of the individual jurors and witnesses are served by requiring arraignments to be calendared on days when jurors and witnesses are not called. Those interests do not, however, furnish a persuasive rationale for the enactment of General Statute 15A-943(b), which provides a week's interim between arraignment and trial in those counties large enough to allow frequent criminal sessions so as to come within the calendaring provisions of subsection (a).

Subsection (b) is apparently designed to insure both the state and the defendant a sufficient interlude to prepare for trial. This is necessary because before arraignment neither the state nor defendant may know whether the case need proceed to trial. The state may not know since no formal entry of plea has been made. Defendant himself may not know since prior to arraignment he may have been considering entering a guilty plea to the charge or pursuant to some plea negotiation which has taken place between him and the state. The week's interim provided in General Statute 15A-943(b) assures an opportunity for trial preparation and thereby helps to avoid preparation which may well be not only extensive but also unnecessary.

With these purposes in focus it becomes evident that the statute requires more than is apparent on its face. If General Statute 15A-943(a) is interpreted to require only that arraignments be calendared in superior court, *if at all*, on the separate days provided, then its purpose could be readily undermined by the simple failure to place any given case on the arraignment calendar. Under such an interpretation cases need not be calendared for arraignment at all, leaving arraignments to be held, as defendant Shook's was held, uncalendared and on the same day as trial. This would result in easy circumvention of the week's interim required by subsection (b). Such a construction too readily deprives the statute of its intended effect.

We have held that where one construction would lay an act open to easy evasion and nullification, this circumstance is to be con-

sidered in ascertaining the act's meaning. *Trust Co. v. Young*, 172 N.C. 470, 90 S.E. 568 (1916). "A construction which operates to defeat or impair the object of the statute must be avoided if that can reasonably be done without violence to the legislative language." *State v. Hart*, 287 N.C. 76, 213 S.E. 2d 291 (1975); *Freeland v. Orange County*, 273 N.C. 452, 160 S.E. 2d 282 (1968); *Hobbs v. County of Moore*, 267 N.C. 665, 149 S.E. 2d 1 (1966).

[2]   In order to effect the intent of the legislature, this statute must be construed to require not only that the solicitor "calendar arraignments" as provided but also that *every* arraignment be calendared and that, absent any waiver, no arraignment may take place except at a time when it is so calendared. Such a construction does no violence to the explicit language of the statute; it rather lends substance and meaning to the act in order to facilitate its purposes.

When subsection (a) is so construed, the language of subsection (b) is more comprehensible. That subsection provides, "When a defendant pleads not guilty *at an arraignment required by subsection (a)*, he may not be tried without his consent in the week in which he is arraigned." We have construed subsection (a) to require all arraignments in the affected counties to be held in accordance with the calendaring provisions there set forth. Thus the words italicized above in subsection (b) signify its application to all defendants pleading not guilty at arraignments to which subsection (a) applies. So understood, subsection (b) clearly sets forth a statutory right of each such defendant "not [to] be tried without his consent in the week in which he is arraigned."

The provisions of General Statute 15A-943(b) are more than directory. "[A] statute which affects the public interest or the claims *de jure* of third persons or promotes justice is construed with practical unanimity to be more than directory . . . . " *Davis v. Board of Education*, 186 N.C. 227, 119 S.E. 372 (1923). This statute "promotes justice" and "affects the public interest." Moreover, the provision vests a defendant with a right, for by its terms it requires his consent before a different procedure can be used. To require a defendant to show prejudice when asserting the violation of this statutory right which he has insisted upon at trial would be manifestly contrary to the intent of the legislature, which has provided that the week's time between arraignment and trial must be accorded him *unless he consents* to an earlier trial. Prejudice under these circumstances must necessarily be presumed.

Of course, a defendant may waive the benefit of a statutory right. *State v. Young*, 291 N.C. 562, 567, 231 S.E. 2d 577, 580 (1977). But this defendant has not waived the statutory right. Rather he asserted the right and raised the issue before the trial court—a prerequisite for his assertion of the right on appeal. *State v. Young, supra.*

We find, then, that the trial court violated the provisions of General Statute 15A-943(a) in failing to require that defendant's arraignment be calendared and held on a day provided by that subsection when no jury trial was scheduled. We also find that the court violated the provisions of General Statute 15A-943(b) by proceeding with defendant's trial over his objection on the same day as his arraignment. The result was to deprive defendant of at least a week's interim between arraignment and trial. This constitutes reversible error. We do not reach the issue whether a violation of subsection (a) alone would necessitate a new trial.

Because of the unlikelihood of their recurrence at the new trial, the remainder of defendant's arguments, except for one, need not be dealt with.

[3] We do find it advisable to address briefly defendant's contentions that his motion in arrest of judgment should have been granted on the ground that the two offenses of which he was convicted constitute only one offense, thus exposing defendant to double jeopardy. It is manifest that the two offenses of which defendant Shook was convicted, (1) discharging a firearm into an occupied building and, (2) assault with a deadly weapon inflicting serious injury, are entirely separate and distinct offenses. To prove the one, the state must show that defendant fired into an occupied building, an element which need not be shown to support the second charge. Likewise to prove the second charge, it must show the infliction of serious injury, which is not an element of the first charge.

In *State v. Hill*, 287 N.C. 207, 215, 214 S.E. 2d 67, 73 (1975), we set forth a comparative analysis of the "same evidence test" quoting 8 Wake Forest L. Rev. at 248:

" 'For an offense to be the same in law as another offense, there must be at least partial reciprocity of the elements required by the legislative enactments. Therefore, in proving the required elements A, B, and C under one statute in the first indictment, and in proving the required elements A, B, and D under another statute in the second indictment, one will not run afoul of the former jeopardy rule. C, an element of the first

is not an element of the second. D, an element of the second, is not an element of the first indictment. Therefore *each* offense required proof of an element which the other did not. It is of no consequence that element C resembles element D, nor that element D was less heinous than element C.'"

*See also State v. Barefoot*, 241 N.C. 650, 86 S.E. 2d 424 (1955); *State v. Robinson*, 116 N.C. 1046, 21 S.E. 701 (1895). Defendant's convictions and the imposition of consecutive sentences were proper. This assignment of error is overruled.

The verdicts and judgments are vacated and the case remanded to the Court of Appeals with directions to remand to the Superior Court of Cumberland County for further proceedings in accordance with this opinion and a new trial.

Error and remanded.

Justice HUSKINS took no part in the consideration or decision of this case.