STATE OF NORTH CAROLINA v. ROLAND DAVIS AND DONALD GENE WOLFE

No. 7815SC612

(Filed 21 November 1978)

1. **Criminal Law §§ 22, 91— right not to be tried same week as arraignment—waiver**

Defendant waived his right under G.S. 15A-943(b) not to be tried in the week in which he was arraigned where he failed to move for a continuance under the statute but moved for a continuance only on the ground that a subpoena had been issued but not served on an essential defense witness.

2. **Criminal Law § 91.7— unavailability of witness—denial of continuance**

The trial court did not err in the denial of defendants' motion for a continuance for an indefinite time because of the unavailability of an essential defense witness where the motion was not supported by an affidavit showing what defendants expected to prove by the witness or how the absence of the testimony would be prejudicial to them, and an inquiry by the court showed that no one present knew the whereabouts of the witness or had seen him in six months.

3. **Criminal Law § 7.1— no entrapment as matter of law**

The evidence did not show entrapment as a matter of law by an undercover officer in this prosecution for possession of marijuana with intent to sell and sale of marijuana.

4. **Criminal Law § 126.2— acceptance of verdict after correction**

The trial court properly accepted a verdict of guilty of possession of marijuana with intent to sell where the jury foreman first stated that the jury found defendant guilty of possession of more than one ounce of marijuana, the foreman then corrected the verdict to guilty of possession of marijuana with intent to sell, and the corrected verdict was confirmed by a poll of the jury.

APPEAL by defendants from *Ervin, Judge*. Judgment entered 11 November 1977 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 24 October 1978.

Defendant Davis was indicted and convicted of possession of marijuana with intent to sell and deliver, and sale of marijuana. Defendant Wolfe was indicted and convicted of two charges of possession of marijuana with intent to sell.

Defendant Davis was arraigned and pled not guilty 9 November 1977. Defendant Wolfe waived arraignment and entered a plea of not guilty 15 August 1977.

A third defendant, Floyd Wolfe, was also charged with possession of marijuana with intent to sell, sale of marijuana, and conspiracy. He pled not guilty and all charges against him were dismissed at the close of the State's evidence.

On 9 November 1977, the day of Davis's arraignment, the cases were called for trial. Prior to empanelling the jury, State moved to consolidate the cases of defendants Roland Davis, Donald Wolfe, and Floyd Wolfe. Defendant Davis objected to consolidation on the ground his defense would substantially differ from the other defendants. Defendant Davis's objection was overruled and State's motion to consolidate cases for trial was granted.

Before trial, defendants Davis and Donald Wolfe moved for a continuance, or in the alternative, a dismissal of charges, on the ground a subpoena had been issued but not served at the time case was called, for a Mr. Thomas V. Busky, alias Thomas V. Parker, and also known as "T," an essential witness in defendants' case. The witness T had not been served because he could not be located. The motion was denied.

State offered evidence that R. L. Newton was working as an undercover drug investigator for the Durham Police Department. In the line of investigation, officer Newton initially met defendant Roland Davis at defendant's house on 18 February 1977. Newton returned to defendant Davis's house on several occasions prior to the date in question, 25 February 1977. Newton's reason for visiting was to acquire drugs. Newton met Phyllis Hilton while visiting at defendant Davis's residence.

On 25 February 1977, defendant Davis drove his car with Miss Hilton, officer Newton, and T, a police informer, to Alamance County to acquire drugs. Newton gave defendant Davis $380.00 cash to purchase marijuana. They drove to a barn and defendant Davis got out of the car. Defendant Donald Wolfe came out of the barn and talked with defendant Davis. Defendant Donald Wolfe went behind one of the sheds and returned with a brownish-green substance in both hands. An unidentified third person appeared at this time. Defendant Davis returned to the car with the brownish-green substance in a paper bag. They returned to defendant Davis's house and officer Newton departed with the substance in the bag. The substance was analyzed by the SBI as being marijuana. It was introduced into evidence.

At the close of State's evidence, the trial court granted a motion for judgment of nonsuit in each of the cases against Floyd Wolfe. Like motions on behalf of Donald Wolfe and Roland Davis were denied. Defendant Davis presented evidence. At the close of all evidence, defendants Donald Wolfe and Davis renewed their motions. All motions were denied.

From judgments of imprisonment, defendants appeal.

*Attorney General Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*Ridge, Roberson & Richardson, by R. Nelson Richardson, for defendant appellant Roland Davis. Mitchell M. McEntire for defendant appellant Donald Wolfe.*

MARTIN (Harry C.), Judge.

[1] Defendant Davis assigns as error the trial court's denial of his motion for continuance on the day of his arraignment, in violation of N.C. Gen. Stat. 15A-943(b).

§ 15A-943: Arraignment in superior court—required calendaring.—(a) In counties in which there are regularly scheduled 20 or more weeks of trial sessions of superior court at which criminal cases are heard, and in other counties the Chief Justice designates, the prosecutor must calendar arraignments in the superior court on at least the first day of every other week in which criminal cases are heard. No cases in which the presence of a jury is required may be calen-

dared for the day or portion of a day during which ar-
raignments are calendared.

(b) When a defendant pleads not guilty at an arraign-
ment required by subsection (a), he may not be tried without
his consent in the week in which he is arraigned.

In *State v. Shook*, 293 N.C. 315, 319, 237 S.E. 2d 843, 846 (1977),
the Supreme Court construed the statute to give the defendant a
statutory right, " 'not [to] be tried without his consent in the
week in which he is arraigned.' " The Court further stated:

> [T]he provision vests a defendant with a right, for by its
> terms it requires his consent before a different procedure
> can be used. To require a defendant to show prejudice when
> asserting the violation of this statutory right which he has
> insisted upon at trial would be manifestly contrary to the in-
> tent of the legislature, which has provided that the week's
> time between arraignment and trial must be accorded him
> *unless he consents* to an earlier trial. Prejudice under these
> circumstances must necessarily be presumed.

At trial, defendant Davis did not move for a continuance under
N.C. Gen. Stat. 15A-943(b), but moved for a continuance on the
very narrow ground that a subpoena had been issued but not
served on an essential defense witness.

"[I]t is a general rule that a defendant may waive the benefit
of statutory or constitutional provisions by express consent,
failure to assert it in apt time, or by conduct inconsistent with a
purpose to insist upon it." *State v. Gaiten*, 277 N.C. 236, 239, 176
S.E. 2d 778, 781 (1970); *State v. Young*, 291 N.C. 562, 231 S.E. 2d
577 (1977). In *State v. Shook, supra*, the North Carolina Supreme
Court concluded the defendant had not waived his statutory right
under N.C. Gen. Stat. 15A-943(b) and stated that he "asserted the
right and raised the issue before the trial court — a prerequisite
for his assertion of the right on appeal." Davis did not raise this
issue before the trial court.

The statute requires the defendant's consent before he may
be tried the week of his arraignment. Defendant Davis consented
by failing to assert his right under the statute in the trial court.
After the denial of the motions to continue on the ground that a
witness was unavailable and in the alternative, to dismiss, the

trial judge asked if there were any other pretrial motions. Defendants' attorneys responded in the negative. We hold defendant Davis waived his statutory right not to be tried the week he was arraigned. With this holding, we do not reach the intriguing question as to the constitutionality of the statute. Defendant Wolfe did not challenge this ruling on appeal.

[2]   Defendants Davis and Wolfe assign as error the trial court's denial of their motions to continue because of the unavailability of an essential witness, Mr. T. The continuance was requested "until we . . . locate this witness." The trial court inquired about knowledge of the whereabouts of the witness. The inquiry yielded that no one had seen the witness in six months, nor knew of his whereabouts. Continuance was requested for an indefinite time. Counsel did not support this motion with an affidavit showing sufficient grounds. Counsel did not show what they expected to prove by the witness or how the lack of the testimony would be prejudicial to them. There is no evidence that the absent witness would ever be present for trial.

A motion for continuance is ordinarily addressed to the discretion of the trial judge, and his ruling is not subject to review absent abuse of discretion. Continuances should not be granted unless the reasons therefor are fully established. Motions for continuance should be supported by an affidavit showing sufficient grounds. *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1972). No such abuse of discretion is shown. The assignment of error is overruled.

[3]   Defendant Davis assigns as error the trial court's denial of his motions for judgment as of nonsuit on the ground the evidence established entrapment as a matter of law. Mere initiation, instigation, invitation, or the exposure to temptation by enforcement officers without fraud or persuasion is not sufficient to constitute the defense of entrapment. *State v. Love*, 229 N.C. 99, 47 S.E. 2d 712 (1948).

> [A] verdict of not guilty should be returned if an officer or his agent, for the purpose of prosecution, procures, induces or incites one to commit a crime he otherwise would not commit but for the persuasion, encouragement, inducement, and importunity of the officer or agent. If the officer or agent does nothing more than afford to the person charged an op-

portunity to commit the offense, such is not entrapment. The courts do not attempt to draw a definite line of demarcation between what is and what is not entrapment. Each case must be decided on its own facts.

*State v. Caldwell*, 249 N.C. 56, 59, 105 S.E. 2d 189, 191 (1958). The evidence falls far short of establishing entrapment as a matter of law. This assignment of error is overruled.

Defendant Davis assigns as error the trial court's denial of his motion to vacate and set aside the verdict of the jury as contrary to the evidence and the law. This assignment of error is without merit and is overruled.

[4] Defendant Donald Wolfe assigns as error the trial court's allowing the foreman of the jury to change the verdict on the charge of possession of marijuana with intent to sell after he had announced the verdict in open court. Defendant wolfe contends this denied him his constitutionally protected right against double jeopardy. The following dialogue occurred between the trial court and the jury foreman:

COURT: All right. In the case in which Donald Gene Wolfe is charged with possession of marijuana with the intent to sell it, do you find the defendant, Donald Gene Wolfe, guilty of possession of marijuana with the intent to sell the marijuana or do you find him guilty of possession of more than one ounce of marijuana or do you find him not guilty?

FOREMAN: Guilty, sir.

COURT: You find the defendant, Donald Gene Wolfe, guilty of what offense?

FOREMAN: Of having in excess of one ounce.

COURT: All right. Now, —

FOREMAN: I'm sorry. Now, would you restate that?

COURT: All right, sir. In the case in which he is charged with possession of marijuana with intent to sell it, do you find him guilty of possession of marijuana with intent to sell it or do you find him guilty of possession of more than one ounce of marijuana or do you find him not guilty?

FOREMAN: Guilty of possession with intent to sell.

COURT: All right. You find the defendant, Donald Gene Wolfe, guilty of possession of marijuana with the intent to sell it?

FOREMAN: Yes, sir.

COURT: This is your verdict and so say you all?

(Jurors answered in the affirmative.)

In *State v. Webb*, 265 N.C. 546, 548, 144 S.E. 2d 619, 620-21 (1965), a similar case, the Supreme Court said:

> A jury has full control of its verdict up until the time it is finally delivered to the court and ordered recorded by the judge. Accordingly, if the foreman makes a mistake in announcing it, he may correct himself or any one of the jurors may correct him. To preclude mistake, the Clerk's inquiry "So say you all?" is directed to the panel immediately after their spokesman has declared the verdict. *State v. Young*, 77 N.C. 498. Even if all 12 jurors nod their assent, either the solicitor or counsel for defendant may then and there require that the jury be polled. The dissent of any juror at that time would be effectual. *State v. Dow*, 246 N.C. 644, 99 S.E. 2d 860; *State v. Cephus*, 241 N.C. 562, 86 S.E. 2d 70.

In the present case, as in *State v. Webb*, *supra*, the foreman merely made a slip of the tongue which he immediately corrected before the verdict was accepted by the court and ordered recorded. The jury was then polled. The true verdict was confirmed by the affirmative response of the jury when polled. We find no error in this assignment.

We have examined defendants' other assignments of error and find in them no merit.

No error.

Judges CLARK and WEBB concur.