STATE OF NORTH CAROLINA v. BOBBY GENE McCABE

No. 852SC1077

(Filed 6 May 1986)

**Criminal Law § 22— superseding indictment—trial on same day as arraignment— new trial**

   Defendant was granted a new trial where he was originally charged with rape and first degree kidnapping by use of force, a superseding indictment was obtained charging defendant with first and second degree rape of a person mentally incapacitated or physically helpless, defendant was not served with the indictment, his first notice of it was when his case was called for trial, defendant was arraigned on the superseding indictment following selection of the jury, defendant's request for a continuance was denied, and defendant proceeded to trial. N.C.G.S. 15A-943.

APPEAL by defendant from *Beaty, Judge.* Judgment entered 30 January 1985 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 4 March 1986.

Defendant was originally charged with rape and first degree kidnapping in two indictments returned on 29 May 1984. The rape indictment was sufficient to charge both first and second degree rape of a person when force was used, but was not sufficient to charge second degree rape of a person mentally incapacitated *or* physically helpless. Defendant was arraigned on these charges and entered a plea of "not guilty." On 2 October 1984, a superseding indictment was obtained charging defendant in two counts with first degree rape and second degree rape of a person mentally incapacitated or physically helpless. Defendant however was

not served with this indictment, and was first given notice of it on 29 January 1985 when his case was called for trial. Following the selection of the jury, defendant was arraigned on the superseding indictment and pled "not guilty." Defendant then objected to proceeding to trial on the new indictment and requested a continuance. This motion was denied. The jury found defendant guilty of first degree kidnapping and second degree rape. From the judgment imposing imprisonment for two consecutive twelve-year terms, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General R. Bryant Wall, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Geoffrey C. Mangum, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred in compelling defendant to proceed to trial on the same day he was arraigned on a superseding indictment because such action by the court violated G.S. 15A-943. We agree, and therefore grant defendant a new trial.

General Statute 15A-943 provides in pertinent part:

(a) In counties in which there are regularly scheduled 20 or more weeks of trial sessions of superior court at which criminal cases are heard, . . . the prosecutor must calendar arraignments in the superior court on at least the first day of every other week in which criminal cases are heard. No cases in which the presence of a jury is required may be calendared for the day or portion of a day during which arraignments are calendared.

(b) When a defendant pleads not guilty at an arraignment required by subsection (a), he may not be tried without his consent in the week in which he is arraigned.

We take judicial notice that Beaufort County is a county having twenty or more regularly scheduled weeks of trial sessions of superior court at which criminal cases are heard. *See State v. Shook*, 293 N.C. 315, 237 S.E. 2d 843 (1977). General Statute

15A-943 is therefore applicable to defendant in this case. From the record presented, it appears that the superseding indictment was never calendared for arraignment in violation of G.S. 15A-943(a). Furthermore, the trial court violated the provisions of G.S. 15A-943(b) by proceeding with defendant's trial over his objection on the same day as his arraignment on the superseding indictment. These violations of G.S. 15A-943 constitute reversible error and necessitate a new trial. *State v. Shook*, 293 N.C. 315, 237 S.E. 2d 843 (1977).

New trial.

Judges PHILLIPS and EAGLES concur.