STATE OF NORTH CAROLINA v. TIMOTHY LAMONT CATES

No. COA99-1351

(Filed 7 November 2000)

**Criminal Law— arraignment and trial—same day**

The trial court erred in a prosecution for kidnapping, rape, and statutory sex offense by proceeding to trial on the day in which defendant was arraigned. N.C.G.S. § 15A-943 requires that all arraignments be calendared and defendant's was not—only his trial—but a defendant must demonstrate prejudice from failure to follow this provision. The statute also requires a one-week period between arraignment and trial and violation of this protection constitutes automatic reversible error unless a defendant has waived the protection. Although the State contends that defendant waived the statutory protection because he did not

cite N.C.G.S. § 15A-943 in his motion for a continuance, a defendant is not required to make an explicit § 15A-943 objection when that defendant has made a motion for a week's continuance based upon the same purpose for which the statute was designed—allowing a sufficient interlude to prepare for trial.

Appeal by defendant from judgments entered 9 April 1999 by Judge W. Osmond Smith in Durham County Superior Court. Heard in the Court of Appeals 11 October 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Elizabeth J. Weese, for the State.*

*Daniel Shatz for defendant-appellant.*

LEWIS, Judge.

Defendant was tried at the 5 April 1999 Session of Durham County Superior Court for first-degree kidnapping, first-degree rape, and first-degree statutory sex offense. The jury returned a verdict on 9 April 1999, finding him guilty of second-degree kidnapping, attempted second-degree rape, and second-degree statutory sex offense. Defendant now appeals.

Defendant has brought forth six arguments on appeal. However, we will only address his first argument, as we find it to be dispositive. Defendant contends the trial court committed reversible error by beginning his trial the same day on which he was formally arraigned. We agree.

To put defendant's argument in context, we provide the following summary of the events leading up to trial. The court calendar, which had been prepared by the district attorney, listed the offenses for which defendant would be tried as first-degree kidnapping, second-degree rape, and second-degree sex offense. The first-degree kidnapping indictment listed the intended felony as "second degree rape and second degree sexual offense." Based upon the calendar and the kidnapping indictment, defense counsel assumed defendant would be tried for first-degree kidnapping, second-degree rape, and second-degree sex offense. Defense counsel's plea discussions and advice to her client about pleas operated under this assumption.

Defendant's trial was calendared for 5 April 1999. After the district attorney called the case for trial, she announced she would be prosecuting defendant for first-degree kidnapping, *first-degree* rape,

and *first-degree* sex offense. The trial judge then questioned the parties as to whether defendant had ever been formally arraigned. The district attorney and the clerk of court could find no record of either an arraignment or a waiver of arraignment by defendant. The trial judge then formally arraigned defendant on the charges of first-degree kidnapping, first-degree rape, and first-degree sex offense, to which defendant pled not guilty. In light of the revelation that defendant would now be tried for first-degree rape and first-degree sex offense, defense counsel moved for a continuance for one week so that she could reinitiate plea discussions and prepare for trial on these first-degree charges. The trial judge gave the parties a quick recess to discuss possible pleas. The State offered a plea, and defense counsel quickly informed defendant of that offer but did not have an opportunity to discuss the offer thoroughly during the recess. After reconvening, the State informed the trial judge the plea offer expired at the end of the day because the State was ready to proceed to trial. The trial judge then denied defendant's motion to continue and started the trial. All of the above events, including the commencement of defendant's trial, occurred on the same day, 5 April 1999.

Our statutes set forth the following rules with respect to the calendaring and timing of formal arraignments:

(a) In counties in which there are regularly scheduled 20 or more weeks of trial sessions of superior court at which criminal cases are heard, and in other counties the Chief Justice designates, the prosecutor must calendar arraignments in the superior court on at least the first day of every other week in which criminal cases are heard. No cases in which the presence of a jury is required may be calendared for the day or portion of a day during which arraignments are calendared.

(b) When a defendant pleads not guilty at an arraignment required by subsection (a), he may not be tried without his consent in the week in which he is arraigned.

N.C. Gen. Stat. § 15A-943 (1999). We take judicial notice that Durham County is a county that regularly schedules twenty or more weeks of criminal sessions a year, thereby making this statute applicable. *State v. Shook*, 293 N.C. 315, 316, 237 S.E.2d 843, 845 (1977).

The statute sets forth two simple rules. First, all arraignments must be calendared. N.C. Gen. Stat. § 15A-943(a). The State unques-

tionably violated this requirement; defendant's arraignment was never calendared—only his trial. However, failure to follow this requirement is not necessarily reversible error; a defendant still must demonstrate prejudice. *State v. Richardson*, 308 N.C. 470, 483, 302 S.E.2d 799, 807 (1983). The second statutory requirement is that there must be a one-week period between a defendant's arraignment and his trial. N.C. Gen. Stat. § 15A-943(b). Unless a defendant has waived the statutory protection, violation of this requirement constitutes automatic reversible error; no prejudice need be shown. *Shook*, 293 N.C. at 319-20, 237 S.E.2d at 847. Again, there is no question that this requirement was violated here; defendant's trial began on the same day he was arraigned. The State, however, contends defendant waived the statutory protection because he never explicitly cited section 15A-943 in his motion for a continuance. The few cases applying this statute illustrate that such explicit citation is not necessarily required.

In *State v. Shook*, our Supreme Court granted the defendant a new trial based upon his trial's having commenced on the same day he was arraigned. *Id.* at 320, 237 S.E.2d at 847. In analyzing the statute, the Court never even states whether the defendant explicitly cited section 15A-943, let alone that such explicit citation is affirmatively required in all instances. Likewise, in *State v. McCabe*, this Court granted the defendant a new trial on exactly the same grounds. 80 N.C. App. 556, 557-58, 342 S.E.2d 580, 581 (1986). No mention was made then of whether the defendant ever explicitly cited section 15A-943. The only case in which we have found a defendant to have waived the statutory protection was when defendant's only objection to the timing of the trial was based upon his not being able to summon an essential defense witness. *State v. Davis*, 38 N.C. App. 672, 675-76, 248 S.E.2d 883, 886 (1978). Based upon these cases, we believe the proper focus is not upon whether a defendant explicitly cites section 15A-943 but upon whether his need for a continuance is based upon the same purposes for which the statute was enacted.

To that effect, the purpose of section 15A-943(b) is to allow both sides a sufficient interlude in order to prepare for trial. *Shook*, 293 N.C. at 318, 237 S.E.2d at 846. Our Supreme Court has explained:

> [B]efore arraignment neither the state nor defendant may know whether the case need proceed to trial. The state may not know since no formal entry of plea has been made. Defendant himself may not know since prior to arraignment he may have been con-

sidering entering a guilty plea to the charge or pursuant to some plea negotiation which has taken place between him and the state. The week's interim . . . thereby helps to avoid preparation which may well be not only extensive but also unnecessary.

*Id.* The precise concerns of the statute were at play here. Following the revelation that defendant would be in fact tried for first-degree rape and first-degree sex offense, defense counsel immediately moved for a week's continuance so she could both prepare for trial and resume plea discussions. Defense counsel admitted the brief recess did not provide her with sufficient time to fully discuss the State's latest plea offer with defendant. The statutory one-week requirement would have given her and defendant the time to do so. Thus, when a defendant, as here, has made a motion for a week's continuance based upon the same purposes for which the statute was designed, making an explicit "section 15A-943" objection would be redundant and is not required to invoke the statutory protections. We hold defendant did not waive section 15A-943's one-week requirement between arraignment and trial. As a result, the court committed reversible error in proceeding to trial on the same day in which defendant was arraigned.

New trial.

Judges WYNN and HUNTER concur.