STATE OF NORTH CAROLINA v. CHRISTOPHER L. VEREEN, DEFENDANT

No. COA05-255

(Filed 18 April 2006)

**Criminal Law— right to arraignment—proceeding to trial on same day as arraignment**

The trial court erred in a resisting a public officer in the performance of his duties case by immediately proceeding to trial on the same day defendant was arraigned without defendant's consent when defendant adequately invoked N.C.G.S. § 15A-943(b) and did not waive his right to arraignment, because: (1) defendant twice moved the trial court to continue his case during his formal arraignment so he could obtain evidence he subpoenaed and so his witnesses would be available; (2) N.C.G.S. § 15A-941(d), which requires a defendant to file a written request for arraignment within twenty-one days, is inapplicable to defendants who are before the superior court for a trial de novo whose charges lie within the original jurisdiction of the district court; and (3) defendant was entitled to an arraignment in superior court since defendant's not guilty plea from the district court is completely disregarded when a trial de novo in the superior court is a new trial from the beginning to the end.

Judge JACKSON concurring.

Appeal by Defendant from judgment entered 9 June 2004 by Judge Henry W. Hight, Jr., in Superior Court, Durham County. Heard in the Court of Appeals 7 February 2006.

*Attorney General Roy Cooper, by Assistant Attorney General M. Janette Soles, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Kelly D. Miller, for defendant-appellant.*

WYNN, Judge.

In general, when a defendant pleads not guilty at an arraignment, he may not be tried without his consent in the week in which he is arraigned.[1] In this case, Defendant Christopher L. Vereen contends the trial court erred by beginning his trial (without his consent) the same day on which he was arraigned. Because Defendant twice moved the trial court to continue his case during his formal arraignment so he could obtain evidence he subpoenaed and so his witnesses would be available, we reverse the trial court's decision to conduct Defendant's trial on the same day as his arraignment.

The record shows that Defendant's case came before Superior Court, Durham County for trial *de novo* after Defendant was convicted in district court on 10 May 2004. When Defendant's case was called, the prosecutor informed the trial court that Defendant needed to be formally arraigned. The trial court asked Defendant how he pled to two of the charges, and defense counsel answered, "not guilty[.]" Before the trial court arraigned Defendant on the remaining charges, Defendant moved for a continuance on two grounds. First, Defendant stated that he had learned that morning that a police vehicle's surveillance tape, which Defendant had subpoenaed, had been destroyed, and Defendant requested that the "State produce some kind of explanation as to why this pertinent evidence was destroyed." Second, Defendant stated that some of his witnesses were in court "all day yesterday . . . and unable to come back at this time."

According to the prosecutor, it was the Durham Police Department's policy to destroy such tapes after ninety days. The prosecutor also told the trial court that he was not aware that there had been a subpoena issued. The trial court then inquired as to whether Defendant had been fully arraigned, and the prosecutor responded negatively.

Defense counsel reiterated that she "wanted to make that preliminary motion to hold this matter open until we could get those witnesses and those tapes[.]" The trial court continued with the arraign-

---

1. N.C. Gen. Stat. § 15A-943(b) (2005).

ment, and Defendant pled not guilty to charges of driving while impaired, misdemeanor fleeing to elude arrest, open container, assault on a government officer/employee, and resisting a public officer. After defense counsel spoke with Officer Swartz of the Durham Police Department, defense counsel told the trial court that the destroyed surveillance tapes were necessary to support Defendant's defense regarding some of the charges and asked the trial court to dismiss those matters. The prosecutor, who tried the case in district court, stated that there was no subpoena or request for the tapes at district court and that there was no evidence presented by Defendant that would have supported any type of witness on the scene "that would be able to explain away surveillance tapes by the officers." The prosecutor then stated that the State was ready to proceed since both officers who were involved in the arrest were present.

Defendant's attorney responded that Defendant's testimony at trial supported the need for the surveillance tape. Defendant's attorney then stated that she had "subpoenaed the convenience store" where the incident occurred and had not "heard back." She further stated that "it has been less than thirty days since the appeal . . . it has not been enough time for us to get those subpoenas out and get the information back from those persons." Defense counsel again brought it to the court's attention that some defense witnesses were not present. The court denied the motion to continue, stating "[i]f it comes to the point that you present evidence today, I'll recess until in the morning so you can have your witnesses present." The trial then began, Defendant was convicted of resisting a public officer in the performance of his duties. Defendant appealed.

On appeal, Defendant asserts the trial court violated N.C. Gen. Stat. § 15A-943, which sets forth the following rules with respect to calendaring trials and formal arraignments:

(a) In counties in which there are regularly scheduled 20 or more weeks of trial sessions of superior court at which criminal cases are heard, and in other counties the Chief Justice designates, the prosecutor must calendar arraignments in the superior court on at least the first day of every other week in which criminal cases are heard. No cases in which the presence of a jury is required may be calendared for the day or portion of a day during which arraignments are calendared.

(b) When a defendant pleads not guilty at an arraignment re-
quired by subsection (a), he may not be tried without his con-
sent in the week in which he is arraigned.

N.C. Gen. Stat. § 15A-943.

Failure to follow the requirements of N.C. Gen. Stat. § 15A-943(a)
"is not necessarily reversible error; a defendant still must demon-
strate prejudice." *State v. Cates*, 140 N.C. App. 548, 551, 537 S.E.2d
508, 510 (2000) (citation omitted). However, "[u]nless a defendant has
waived the statutory protection[,]" violation of the requirements of
N.C. Gen. Stat. § 15A-943(b) "constitutes automatic reversible error;
no prejudice need be shown." *Id.* (citation omitted). While the statute
may be waived by a defendant's failure to object, *State v. Davis*, 38
N.C. App. 672, 675, 248 S.E.2d 883, 886 (1978), to preserve the statu-
tory right, a defendant need not explicitly cite the statute in his objec-
tion. Rather, it is sufficient if the defendant's objection or motion to
continue relates to the "purposes for which the statute was enacted."
*Cates*, 140 N.C. App. at 551, 537 S.E.2d at 510. "[T]he purpose of sec-
tion 15A-943(b) is to allow both sides a sufficient interlude in order to
prepare for trial." *Id.* (citing *State v. Shook*, 293 N.C. 315, 318, 237
S.E.2d 843, 846 (1977)).

It is undisputed that Defendant was arraigned on the same day on
which his trial began. Defendant twice moved the trial court to con-
tinue his case during his formal arraignment so he could obtain evi-
dence which he subpoenaed and so his witnesses would be available.
Defense counsel specifically stated that "it has not been enough time
for us to get those subpoenas out and get the information back from
those persons." The trial court, by immediately proceeding to trial,
violated N.C. Gen. Stat. § 15A-943(b), which Defendant adequately
invoked. The trial court therefore committed reversible error in pro-
ceeding to try Defendant on the same day as he was arraigned.

The State contends that Defendant waived his statutory pro-
tection under N.C. Gen. Stat. § 15A-943(b) by failing to assert that
his need for a continuance was based upon the purposes for which
the statute was enacted. In support of its argument, the State cites
*Davis*, 38 N.C. App. 672, 248 S.E.2d 883. Crucially, however, in *Davis*,
the defendant "did not move for a continuance under N.C. Gen. Stat.
15A-943(b), but moved for a continuance on the very narrow ground
that a subpoena had been issued but not served on an essential
defense witness." *Id.* at 675, 248 S.E.2d at 885.

The instant case is analogous not to *Davis* but to the unpublished·
*State v. McCluney*, 2002 N.C. App. LEXIS 2395 (No. COA02-359)
(Nov. 5, 2002). In *McCluney*, this Court found a new trial warranted
where the "defendant sought a continuance so he could obtain addi-
tional evidence in preparation for trial[,]" namely evidence regarding
the defendant's medical status at the time of the offense charged. *Id.*
at *2-4. Here, as in ·*McCluney*, Defendant sought a continuance to
obtain additional evidence in preparation for trial. "Consequently, the
court committed reversible error in proceeding to try defendant on
the same day as he was arraigned. Defendant is entitled to. a new
trial." *Id.*

However, we note that N.C. Gen. Stat. § 15A-941(d) (2005) pro-
vides that: "A defendant will be arraigned in accordance with this sec-
tion only· if the defendant files a written request ˌwith the clerk of
superior court for an arraignment not later than 21 days after service
of the bill of indictment." This Court has held that "it would be illogi-
cal to require the State to schedule an arraignment pursuant to one
statute where the right to such has been waived pursuant to
another[.]" *State v. Trull*, 153 N.C. App. 630, 634, 571 S.E.2d 592, 595
(2002) (rejecting the defendant's claim of N.C. Gen. Stat. § 15A-943
violations in the absence of a written arraignment request in the
record); *see also State v. Lane*, 163 N.C. App. 495, 503, 594 S.E.2d 107,
113 (2004) (same). ·

In this case, while Defendant did not file a written requést for an
arraignment, N.C.. Gen. Stat. § 15A-941(d) requires the request must
be filed no "later than 21 days after service of the bill of indictment."
N.C. Gen. Stat. § 15A-941(d). However, Defendant appealed his con-
viction from the district court for a trial *de novo* in the superior court.
N.C. Gen. Stat. §§ 7A-290, 15A-1431(b) (2005). As the superior court
was not the court of original jurisdiction, the prosecutor never sub-
mitted a bill of indictment for Defendant nor was Defendant indicted.
*See* N.C. Gen. Stat. § 15A-627(b) (2005) ("A prosecutor may submit a
bill of indictment charging an offense within the original jurisdiction
of the superior court."). Nor does an indictment appear in the record
on appeal. As Defendant was never charged or served within an
indictment, there was no twenty-one day period from which he
needed to file a written request for an arraignment. *See* N.C. Gen.
Stat. § 15A-941(d). When a defendant appeals a conviction from dis-
trict court for a trial *de novo* in superior court, there is no indictment
to start the twenty-one day tolling period in which to file a written
request for an arraignment. Therefore, N.C. Gen. Stat. § 15A-941(d) is

inapplicable to defendants who are before the superior court for a trial *de novo,* whose charges lie within the original jurisdiction of the district court.

Additionally, while there has been no indictment, an arraignment is still required pursuant to N.C. Gen. Stat. § 15A-943 to enable a defendant to submit a plea to the superior court. *See* N.C. Gen. Stat. § 15A-941(a) (2005) ("Arraignment consists of bringing a defendant in open court or as provided in subsection (b) of this section before a judge having jurisdiction to try the offense, advising him of the charges pending against him, and directing him to plead."). While Defendant already submitted a plea of not guilty in the district court, a trial *de novo* in the superior court is a new trial from the beginning to the end, disregarding completely the plea below. *State v. Spencer,* 276 N.C. 535, 543, 173 S.E.2d 765, 771 (1970). Therefore, since Defendant's plea from the district court is completely disregarded, Defendant was entitled to an arraignment in superior court.

Accordingly, since Defendant adequately invoked N.C. Gen. Stat. § 15A-943(b) and did not waive his right to an arraignment, the trial court erred by immediately proceeding to trial.

New trial.

Judge HUNTER concurs.

Judge JACKSON concurs in a separate opinion.

JACKSON, Judge concurs in a separate opinion.

I concur with the majority's decision that the trial court committed reversible error in proceeding to try defendant on the same day as he was arraigned. However, for the reasons stated below, I believe it was unnecessary for the majority to discuss the applicability of North Carolina General Statutes, section 15A-941(d) to the instant case.

In the instant case, neither defendant nor the State raised the issue of whether the State was required to submit a bill of indictment charging defendant with the various offenses. Neither party addresses section 15A-941(d) in their briefs, and they do not present any argument indicating that defendant was not entitled to an arraignment in superior court. There is no dispute that defendant was not indicted for the offenses, thus there was no indictment from which the twenty-one day tolling period would begin in which defendant

could file a written request for an arraignment. Both parties agree that defendant was entitled to an arraignment, he received that arraignment, and his trial began on the same day. The dispute between defendant and the State concerns whether or not defendant waived his statutory right not to be tried in the same week in which he was arraigned, pursuant to North Carolina General Statutes, section 15A-943(b). It is my opinion that we may fully address defendant's appeal, and reach the same conclusion, without addressing the applicability, or inapplicability, of section 15A-941(d) to defendant's case.

Accordingly, I concur that defendant is entitled to a new trial.