STATE OF NORTH CAROLINA,
v.
KENNETH LEE ISENHOUR.
No. COA09-721.
Court of Appeals of North Carolina.
Filed: February 16, 2010.
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Jane T. Hautin, for the State.
Morrow Alexander Porter & Whitley, PLLC, by Benjamin D. Porter, for Defendant.
BEASLEY, Judge.
Kenneth Lee Isenhour (Defendant) appeals from judgment entered on his convictions of possession of a Schedule I controlled substance and misdemeanor larceny charges. For the reasons stated below, we find no error.
On 12 September 2005, Defendant was indicted for possession of ecstasy (MDMA), misdemeanor larceny, and habitual felon status. On 31 July 2006, a superseding indictment issued as to the possession of Ecstasy (MDMA) and misdemeanor larceny charges. The superseding indictment changed the Ecstasy (MDMA) charge by listing the full chemical name, "3,4  methylenedioxymethamphetamine" noting it is commonly referred to as ecstasy, and by changing the statute number under the North Carolina Controlled Substances Act from N.C. Gen. Stat. § 90-95(a)(3) to 90-95(d)(1). The superseding indictment also changed the misdemeanor larceny charge by adding "razors" to the list of property stolen, alleging the value of the property stolen as less than $1,000.00, substituting "Eckerd Drug Store" with "Eckerd Corporation" and including the address of the Eckerd drug store, and removing the statute number designated therein.
On 1 August 2006, Defendant's case was called for trial. Defendant objected to the court conducting a trial within the same week of the superseding indictment under N.C. Gen. Stat. § 15A-943. The trial court denied Defendant's objection and the case proceeded to trial. On 2 August 2006, the jury returned guilty verdicts for possession of a Schedule I controlled substance and misdemeanor larceny. Defendant pled guilty to having attained habitual felon status on 3 August 2006 and was sentenced to 132-168 months imprisonment. Defendant did not timely file a notice of appeal. On 22 September 2008, however, Defendant filed a Petition for Writ of Certiorari with this Court, and we allowed Defendant's petition on 10 October 2008.

ARRAIGNMENT ON THE SUPERSEDING INDICTMENT
In Defendant's sole argument, he argues that the trial court erred in overruling his objection to proceeding to trial the same day he was arraigned on the superseding indictment. Specifically, Defendant contends that the trial court violated N.C. Gen. Stat. § 15A-943, which applies special rules to arraignments held in counties with a large criminal docket and provides in pertinent part:
(a) In counties in which there are regularly scheduled 20 or more weeks of trial sessions of superior court at which criminal cases are heard, and in other counties the Chief Justice designates, the prosecutor must calendar arraignments in the superior court on at least the first day of every other week in which criminal cases are heard. No cases in which the presence of a jury is required may be calendared for the day or portion of a day during which arraignments are calendared.
(b) When a defendant pleads not guilty at an arraignment required by subsection (a), he may not be tried without his consent in the week in which he is arraigned.
N.C. Gen. Stat. §§ 15A-943(a)-(b) (2008).
"Unless a defendant has waived the statutory protection," a violation of N.C. Gen. Stat. § 15A-943(b) is "automatic reversible error; no prejudice need be shown." State v. Cates, 140 N.C. App. 548, 551, 537 S.E.2d 508, 510 (2000). However, to invoke the protections promulgated in N.C. Gen. Stat. §§ 15A-943(b), "a defendant must affirmatively assert the right; and when a defendant fails to object, this statutory right is waived, and a defendant is deemed to have implicitly consented for the trial to occur within the week." State v. Roache, 358 N.C. 243, 277, 595 S.E.2d 381, 404 (2004). To preserve the statutory right, "it is sufficient if the defendant's objection or motion to continue relates to the `purposes for which the statute was enacted.'" State v. Vereen, 177 N.C. App. 233, 236, 628 S.E.2d 408, 411 (2006) (quoting Cates, 140 N.C. App. at 551, 537 S.E.2d at 510). "[T]he purpose of section 15A-943(b) is to allow both sides a sufficient interlude in order to prepare for trial." Cates, 140 N.C. App. at 551, 537 S.E.2d at 510 (citing State v. Shook, 293 N.C. 315, 318, 237 S.E.2d 843, 846 (1977)).
After defense counsel objected to trial within the same week of the superseding indictment, defense counsel and the trial court engaged in the following colloquy:
THE COURT: I've reviewed the file. I find no written request for arraignment as prescribed by 15A-941. It's the Court's conclusion that this additional language in the superseding indictment is not material, is not substantial, and the defendant had adequate and sufficient notice of the indictment and of the charge that is lodged against him to which the State of North Carolina intends to proceed at this time.
Given that there is not a written request for arraignment, the Court finds that there is no violation of 15A-943 and defendant's objection to the State proceeding in this matter at this time is denied.
. . . .
[DEFENSE COUNSEL]: I'd just like to be heard on this matter for the record, Your Honor, as an exception to your ruling 
THE COURT: Yes, sir.
[DEFENSE COUNSEL]:  when we were served less than 24 hours before [we] were supposed to go to trial. And Mr. Holcombe had indicated three weeks ago he was prepared for trial three weeks ago and then we come in at the last minute and we're expected to follow the rule. We'd like Mr. Holcombe [to] follow the rules also here.
If Cabarrus County is not a county that regularly schedules twenty or more weeks of criminal trial sessions in a year, then the statute does not apply thus yielding the trial court's ruling free of error. If Cabarrus County is a county that regularly schedules twenty or more weeks of criminal trial sessions a year, N.C. Gen. Stat. § 15A-943(a) would be applicable to the present case. Defendant was arraigned on the superseding indictment the same day on which his trial began. We conclude, however, that Defendant waived the statutory protection of N.C. Gen. Stat. § 15A-943(b) because Defendant's objection does not relate to the purposes of the statute.
Defendant did not articulate a reason for his objection. Failure to follow the requirements of N.C. Gen. Stat. § 15A-943(a) "is not necessarily reversible error; a defendant still must demonstrate prejudice." Cates, 140 N.C. App. at 551, 537 S.E.2d at 510. Defendant merely argued that if the trial court was going to hold him to the rules, it should reciprocally hold the State to the rules. This was the sole reason proffered by Defendant, and there is no indication in the record or by the evidence that his objection was based on the need for additional time to prepare for trial. Moreover, it does not appear that Defendant would have needed the additional time to prepare for trial, as the superseding indictment did not change the nature of the charges, and Defendant suggests that he was prepared for trial three weeks prior to the date the trial began. Thus, even by liberally construing Defendant's objection, we conclude that it was wholly unrelated to the purposes for which N.C. Gen. Stat. § 15A-943 was enacted.
Accordingly, we hold that the trial court did not err in proceeding to trial the day after which the superseding indictment was returned against Defendant.
No error.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).